In an action for personal injuries, where the only witness interrogated as to the matter of permanent injuries was plaintiff's physician, who declined to express an opinion because it would all depend upon the treatment received, it was error to submit that question to the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 596–612.]

Appeal from Trial Term, New York County.

Action by Joseph Perelli against the New York City Railway Company.   From a judgment for plaintiff and an order refusing a new trial, defendant appeals.   Reversed and remanded.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and HOUGHTON, JJ.

Bayard H. Ames, for appellant.
Thomas F. Gilroy, Jr., for respondent.

PER CURIAM.   It was clear error to submit to the jury any question as to the permanency of the plaintiff's injuries, for there was no evidence justifying such submission.   The plaintiff's physician, who alone was interrogated on the point, declined to express an opinion, urging that an answer "would be speculative, because it all depends upon the kind of treatment he received."   There was no other evidence on the subject.

The judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event.

---

(120 App. Div. 99)

## WOLARSKY v. NEW YORK LIFE INS. CO.

(Supreme Court, Appellate Division, First Department.   June 14, 1907.)

INSURANCE—FORFEITURE FOR NONPAYMENT OF PREMIUM—MAILING NOTICE—EVIDENCE.

In an action on an insurance policy, evidence examined, and *held* sufficient to show that a forfeiture notice was mailed to the insured, as required by Laws 1892, p. 1930, c. 690, as amended by Laws 1897, p. 91, c. 218, providing that no company shall declare a policy forfeited by the nonpayment of a premium, unless a notice shall be mailed to insured at his last known address at least 15 and not more than 45 days prior to the day when the same is payable.

Appeal from Trial Term, New York County.

Action by Annie Wolarsky against the New York Life Insurance Company.   From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals.   Reversed, and new trial granted.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and HOUGHTON, JJ.

John Kirkland Clark, for appellant.
James A. Douglas, for respondent.

HOUGHTON, J. The action is upon a policy of insurance issued by the defendant upon the life of Harry Wolarsky, on the 5th day of January, 1905, payable on his death to this plaintiff. The premiums were payable semiannually on the 5th days of July and January following, and their nonpayment rendered the policy void. The insured died August 21, 1905.

The defense is that the premium due the previous 5th day of July was not paid. The contention of the plaintiff is that, even if this be true, the defendant did not mail to the insured the forfeiture notice required by section 92 of the insurance law (Laws 1892, p. 1930, c. 690, as amended by Laws 1897, p. 91, c. 218), which was necessary to be done in order to permit the defendant to declare the policy forfeited for such nonpayment. That section provides that:

"No life insurance corporation doing business in this State shall within one year after the default in payment of any premium * * * declare forfeited or lapsed, any policy, * * * nor shall any such policy be forfeited, or lapsed, by reason of nonpayment when due of any premium * * * unless a written or printed notice stating the amount of such premium * * * due on such policy, the place where it shall be paid, and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured * * * at his or her last known post-office address in this State, postage paid by the corporation * * * at least fifteen and not more than forty-five days prior to the day when the same is payable."

On the trial the defendant assumed the burden of proving both the nonpayment of the premium and the mailing of the forfeiture notice. The defendant proved that the premium had not been paid, and the plaintiff introduced no evidence that such was not the fact. The main issue litigated upon the trial was as to whether the forfeiture notice had been mailed.

The address designated by the insured to which notice should be sent to him was 58 Nott street, New York City. On the 1st of May, 1905, the insured ceased doing business at this address and moved to 60 East Broadway, New York City, where he lived until June 8th following, when he moved to Jersey City, N. J., where he resided until his death. The section requiring the mailing of the forfeiture notice in order to enable the company to assert, within the first year of the policy's existence, that it has been forfeited for the nonpayment of premiums, provides that:

"The affidavit of any officer, clerk, or agent of the corporation, or of any one authorized to mail such notice, that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy, shall be presumptive evidence that such notice has been duly given."

The defendant introduced in evidence an affidavit of the mailing of the notice to the insured, which it claimed conformed to the requirements of the statute. There may be some question whether the affidavit was proper in form, but whether it was or not is immaterial, because the defendant followed it by common-law proof that the notice required by the statute was mailed on the 12th day of June, 1905, to the insured at 58 Nott street, New York City. The evidence of mailing embraced the testimony of the clerks who checked and rechecked the notices sent out on that day, and who addressed the envelopes containing them, and sealed and mailed them. It is true that

a large number of notices were sent out, and that one person did only a part of the work. Taking the testimony of the office force as a whole, however, it satisfactorily established that the notice in question was in fact mailed to the insured at the address which he had designated. To meet this proof the plaintiff attempted to show that, of the mail addressed to the insured at 58 Nott street, only one letter was from the defendant, and that that one was the circular letter inquiring why the insured had failed to pay the premium on his policy when it was due. Some circumstances appear in the testimony of the plaintiff's witnesses which might be interpreted as establishing that the notice of June 12th was delivered at Nott street and forwarded to the insured at Jersey City and received by him; but, whether. the evidence be so viewed or not, we think the evidence on the part of the defendant that the notice was actually mailed was so preponderating that the finding of the jury to the contrary was against the weight of evidence, and that the motion for a new trial should have been granted upon that ground. The statute was satisfied if the notice was mailed, whether it was actually received by the insured or not. Necessarily, in the preparing and mailing of the large number of notices which life insurance companies must send to their policy holders, a number of different persons must be employed in the various steps of preparing and mailing. The evidence which the defendant produced was the best of which it was capable, and of so satisfactory a character that it should have been heeded by the jury.

This, as shown by their verdict, they failed to do, and the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.