In the Matter of the Claim of ANNA SKOCZLOIS, Respondent, against PHILIP VINOCOUR et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

Workmen's Compensation Law — insurance — cancellation of policy covering liability of an employer for accidents to his employees — jurisdiction of state industrial commission to determine whether employers' liability policy has been duly canceled by insurance company before an accident to an employee — erroneous decision by commission that notice of cancellation was ineffectual because name and post office of insured were misspelled.

1. Under the Workmen's Compensation Law (Cons. Laws, ch. 67, §§ 20, 23, 54, subds. 1, 2) the state industrial commission has power to determine whether a policy of insurance covering the liability of an employer had been canceled prior to the time an accident occur-

red, or whether it was in force, and if so, the liability of the insurance company under it.

2. An insurance company issued a policy insuring an employer against accidents to his employees for a year. In the policy the insured's address was given as Philip Vanocour, Granitville, Port Richmond, Richmond county, N. Y., and his place of business 17 Vedder avenue, Port Richmond, New York. Six months later, no part of the premium having been paid, the insurance company notified the insured that it had elected to cancel the policy, such cancellation to take effect on a certain day and hour, twelve days later. The notice was in the form of a letter, sent by registered mail, directed as follows: " Mr. Philip Vincour, Vedder Avenue, Grantville, Pqrt Richmond, N. Y." The letter reached the proper post office ten days before the cancellation was to take effect, but was never called for or delivered to the insured, although the post office authorities sent him several notices that a registered letter was in the office for delivery. On the same day the insurance company gave notice to the insured it also sent to the state industrial commission notice that under the statute (Workmen's Compensation Law, § 54, subd. 5) it had canceled the policy. Some months later an accident occurred by which an employee was fatally injured. Up to that time no premium had been paid, but three days later the insured sent a check to the insurance company which it retained and applied towards the premium due at the time the policy was canceled, leaving a small balance for which a bill was sent to the insured, asking for payment and informing him that the policy was canceled for non-payment of premium. *Held*, that the industrial commission had jurisdiction to determine whether the policy had been canceled, but that it erred in deciding that the attempt by the insurance company to cancel the policy was ineffectual because Vinocour was written " Vincour" and Granitville " Grantville."

3. The fact that after the cancellation the company sent its representative to the insured's place of business to check up his payrolls for the purpose of ascertaining the exact amount of premium due when the policy was canceled, does not estop the company. Nor is the fact that the company accepted part of the premium after the accident of any importance, since the insured was only paying a part of what he owed when the cancellation took place.

*Skoczlois* v. *Vinocour*, 176 App. Div. 924, modified.

(Argued June 8, 1917; decided July 11, 1917.)

Appeal from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 17, 1917, which affirmed an award of the state industrial commission under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*William H. Foster, T. C. Jones* and *James B. Henney* for appellants. The insurance carrier complied with the Workmen's Compensation Law, section 54, part 5, when it mailed by registered letter, giving at least ten days' notice, a notice of cancellation to the assured at his last known place of residence and at the same time notified the commission of that cancellation and it is immaterial whether the assured received the notice of cancellation. (*Wolarsky* v. *N. Y. Life Ins. Co.*, 120 App. Div. 99; *McConnell* v. *P. S. Life Assn. Society*, 92 Fed. Rep. 769; *N. Y. Life Ins. Co.* v. *Scott*, 57 S. W. Rep. 677.) "Place of residence" as used in section 54, paragraph 5, of the Workmen's Compensation Law, relates to the post office and not to any particular locality in a town or city. That being the case the stenographic error of Grantville for Granitville had no force and effect, particularly since the notice was received at the right post office and the assured notified. (*Oothout* v. *Rhinelander*, 10 How. 460.)

*Merton E. Lewis, Attorney-General* (*E. L. Aiken* of counsel), for respondent. Where a notice is relied upon in the cancellation of a policy of insurance, against the will of the insured, the parties relying upon the notice must show that the same was delivered. (*Crown Point Iron Co.* v. *Ætna Ins. Co.*, 127 N. Y. 618.) The commission had jurisdiction to determine the question as to whether the policy of insurance had been canceled. (L. 1914, ch. 41, §§ 20, 23, 26; *Wester* v. *I. A. Comm.*, 157 Pac. Rep. 593.)

McLAUGHLIN, J.   This appeal is from an order of the Appellate Division, third department, affirming an award of the workmen's compensation commission for the death of Stanislaus Skoczlois, husband of the claimant.   The appellants contend the order and award should be reversed and the claim dismissed (1) because there is no evidence to support the findings of the commission that Skoczlois died as the result of an accident arising out of and in the course of his employment; and (2) because the policy of ·insurance had been canceled prior to the accident.

As to the first contention, a careful consideration of the record satisfies me that the findings made by the commission and affirmed by the Appellate Division are correct, but as to the second they are erroneous.   The policy · was issued on the 13th of July, 1914, and in consideration of the premium agreed to be paid ($30.90) the company insured Vinocour against accidents to his employees for a term of one year.   Under the terms of the policy Vinocour's post-office address was given as Granitville, Port Richmond, Richmond county, New York, and his place of business 17 Vedder avenue, Port Richmond, New York.   Vinocour did not pay the premium at the time the policy was issued, or any part of it until after the accident to and death of Skoczlois.   On the 19th of December, 1914, no part of the premium having been paid, the insurance company notified Vinocour it had elected to cancel the policy, such cancellation to take effect on December 31, 1914, at midnight. The notice was in the form of a letter, sent by registered mail, directed as follows: " Mr. Philip Vincour, Vedder avenue, Grantville, Port Richmond, N. Y." The letter reached the proper post office on the 21st of December, 1914, but was never called for by or delivered to Vinocour though the post office authorities at that place sent him several notices that a registered letter was in the office ready for delivery.   It remained in the post office until

January 8, 1915, when it was returned to the insurance company. On the same day that the insurance company gave notice to Vinocour it had canceled the policy it also gave notice to the commission that the policy had been canceled, and at the same time wrote it as follows: "In accordance with Sub-division 5 of Section 54 of the New York Compensation Law, we have canceled the above policy, copy of the notice of cancellation being attached hereto, which please file." The accident occurred and Skoczlois died on the 5th of May, 1915, and up to that time no part of the premium had been paid, but three days thereafter Vinocour sent a check for ten dollars to the insurance company, which it retained and applied towards the premium due at the time the policy was canceled. After making such application there still remained due $2.35, for which it sent a bill to Vinocour, asking for payment, and at the same time informed him that the policy was canceled on the 31st of December, 1914, for non-payment of premium.

The commission reached the conclusion, and this apparently was the view of the Appellate Division, that the attempt on the part of the insurance company to cancel was ineffectual by reason of the fact that Vinocour was written "Vincour" and Granitville "Grantville." I think this is too technical and narrow a view to take of the matter, especially in view of the fact that no one was misled by the mis-spelling. To hold otherwise is to sacrifice substance for form, notwithstanding the letter reached the proper post office and the authorities understood for whom it was intended and gave such person notice of its being there ready for delivery.

The policy provided that it might be canceled by sending to the insured at his last known place of residence a notice by registered letter ten days prior to the time such cancellation took effect, and at the same time giving the commission notice that the policy had been canceled. The notices thus given not only complied with the policy,

but with the statute relating to cancellation. (Workmen's Compensation Law, § 54, part 5.) It was immaterial, therefore, whether the insured received the notice or not. The company had done all it was required to do to cancel the policy and the cancellation became effective in accordance with the notice on the 31st of December, 1914, at midnight. (*Wolarsky* v. *New York Life Ins. Co.*, 120 App. Div. 99; *McConnell* v. *Provident Savings Life Assur. Soc.*, 92 Fed. Rep. 769.) That he did not receive the notice was due entirely to his own fault.

Evidence was introduced before the commission to the effect that in March, 1915, the company sent its representative to the insured's place of business to check up his payrolls for the purpose of ascertaining the exact amount of premium due when the policy was canceled. Such representative did not inform the insured what the purpose was in checking up the payrolls or that the policy had been previously canceled, and it is suggested for this reason the company, having knowledge that the insured never had received the notice of cancellation, should be estopped from asserting that the policy was canceled. I am unable to appreciate the force of this suggestion. It was only by an inspection of the payrolls that the exact amount of premium due when the policy was canceled could be ascertained. The policy had previously been canceled. The notice required to bring about that result had been given. The policy as a binding obligation on the part of the company had ceased to exist. Mere silence thereafter on the part of the company could not reinstate it, nor can anything that the company did be held to estop it from asserting whatever rights it might have by reason of the cancellation. Nor is the fact that the company accepted a part of the premium after the accident to Skoczlois of any importance. The insured was only paying a part of what he owed when the cancellation took place.

It is also suggested that the commission did not have the power to determine whether the policy had been canceled. I think it had jurisdiction of the subject-matter and the power to make such determination. The act seems, inferentially at least, to confer such power. Under section 20 the commission is given full power and authority to determine all questions in relation to the payment of claims, and under section 23 an award made by it is final and conclusive upon all questions within its jurisdiction as against the state fund or between the parties. Section 26 (amd. L. 1915, ch. 167) expressly provides that "If payment of compensation * * * due under the terms of an award, be not made by the employer within ten days after the same is due, the insurance carrier shall be liable therefor." Subdivision 1 of section 54 provides, in substacne, that every policy issued by an insurance company covering the liability of the employer shall contain a provision setting forth the right of the commission by making the insurance company a party to the original application to enforce the liability against it. It would seem necessarily to follow that if the insurance company may be made a party to the original application to the commission for compensation, all its rights may be there litigated and determined precisely the same as those of the employer. The latter can raise the question, and have it determined as to whether the relation of employer and employee existed at the time the accident occurred, and for the same reason I think the insurance company can raise and have the question determined as to whether there were then a valid outstanding policy issued by it. If such questions be raised, then the determination of them lies with the commission. This view is strengthened by subdivision 2 of the same section, which provides, "That jurisdiction of the employer shall, for the purpose of this chapter, be jurisdiction of the insurance carrier and that the insurance carrier shall in all things be bound by and subject to the orders, findings, decisions or awards

rendered against the employer for the payment of compensation under the provisions of this chapter."

In order to give full effect to the provisions of the statute referred to it seems to me necessarily to follow that the legislature intended the commission should have power in the first instance to determine whether a policy of insurance covering the liability of the employer were in force when the accident occurred, and if so, the liability of the insurance company under it. (*Matter of Kelley*, 116 N. E. Rep. 308.) Unless this be the correct view of the statute, the scheme contemplated by it fails. to a large extent at least, of its purpose.

It follows that the order of the Appellate Division and the award of the compensation commission, so far as the same relate to the insurance company, should be reversed and the claim as to it dismissed, and as to the employer, the order of the Appellate Division and award of the commission should be affirmed, with costs to the state industrial commission against the employer.

Chase, Collin, Cardozo, Pound, Crane and Andrews, JJ., concur.

Ordered accordingly.