ROYAL INDEMNITY COMPANY, Respondent, *v.* ABRAHAM HELLER and Another, Defendants, Impleaded with FRANCES PERKINS, as Industrial Commissioner of the State of New York, and Others, Appellants.

First Department, November 7, 1930.

*Alexander A. Tausky, Assistant Attorney-General,* of counsel [*Myles A. Paige* with him on the brief; *Hamilton Ward, Attorney-General*], for the appellants.

*Barnett Cohen,* for the respondent.

MARTIN, J. Henry Schubert, one of the defendants herein, filed a claim with the Department of Labor for compensation in accordance with the Workmen's Compensation Law for injuries arising out of, and in the course of, his employment on March 7, 1928, while in the employ of Abraham Heller.

The Industrial Board gave a hearing upon Schubert's claim on July 11, 1929, at which hearing he appeared as claimant and Abraham Heller as employer and the plaintiff Royal Indemnity Company appeared as the insurance carrier of the employer. At this hearing the question of policy coverage was raised by the plaintiff, the insurance carrier, and reference is made in the affidavit of the chairman of the Industrial Board to the affidavit of plaintiff's associate counsel, William E. Lyons, which forms part of the moving papers on this motion, in which he states: " At the last hearing testimony was offered on behalf of the plaintiff, explaining the discrepancy appearing in the policy regarding the effective date thereof, and also explaining the procedure in the preparation and writing of policies of this character when coverage is requested. At the conclusion of the hearing decision was reserved, and thereafter, and on August 13, 1929, the Industrial Board rendered its decision whereby the previous findings of the Referee holding the defendant Heller to be a non-insurer was rescinded and an award was made against the plaintiff herein and in favor of the defendant Henry Schubert for the sum of Three Thousand Five Hundred Ten Dollars and Sixteen Cents ($3,510.16), for the accidental injuries sustained by him arising out of and in the course of his employment on March 7, 1928."

This decision was not only made against the employer but also against the plaintiff, the Royal Indemnity Company, as the insurance carrier of the above-named employer, Abraham Heller. The plaintiff herein has taken an appeal from said award and decision to the Appellate Division, Third Department, and such appeal is still pending.

The plaintiff, Royal Indemnity Company, contends that a mistake was made on the part of the plaintiff herein in preparing this agreement of workmen's compensation insurance and that the effective dates of the policy should be from March 9, 1928, to March 9, 1929, instead of from February 9, 1928, to February 9, 1929, which latter period was stated in the policy to be within the effective dates; that the failure of the plaintiff, Royal Indemnity Company, to correctly set forth in the agreement the effective dates of the policy of insurance and to correctly set forth the correct policy period, was caused by and was the result of a mistake by a scrivener of the plaintiff, Royal Indemnity Company, insurance carrier.

The Royal Indemnity Company brought an action in the Supreme Court, New York county, alleging the mistake and requesting the reformation of this policy, which action was brought to trial in the Supreme Court on June 3, 1930, at which time after a statement by the attorney for the plaintiff to the effect that all the evidence which they wished to present to the court upon the trial of the action had been previously presented before the Industrial Board upon a rehearing which resulted in the decision of August 13, 1929, charging the liability for the claimant's injuries against the plaintiff, Royal Indemnity Company, as insurance carrier, the action was dismissed and a judgment entered upon that decision on June 12, 1930, from which judgment the plaintiff has taken an appeal to this court.

The plaintiff then applied for an injunction restraining the Industrial Board from paying the award during the pendency of the appeal. The injunction was granted upon the filing of a $5,000 bond to make good any sum that may be found due Schubert, the injured man, in case the Royal Indemnity Company is held liable. The ground upon which the plaintiff seeks to reform the policy is that the scrivener in plaintiff's office wrote the word " February " instead of " March " in the policy.

The Attorney-General bases the right of the Industrial Board to reverse this injunction order on the ground that the appeals in the other cases have not been prosecuted diligently; that there is no merit in the plaintiff's claim which he says is set forth for the sole purpose of delay; that there have been a number of efforts to delay the final determination of this matter and that the decision of the Industrial Board is final. The accident out of which this liability arose occurred on the 7th day of March, 1928, which is now more than twenty-seven months, over which period of time the claimant, the injured party, has received no compensation. The injury sustained by him was severe. He lost three fingers from his left hand.

The Commission had jurisdiction of the parties and the right to decide in the first instance the question here involved. (*Matter of Skoczlois* v. *Vinocour*, 221 N. Y. 276; *Matter of Phillips* v. *Holmes Express Co.*, 229 id. 527.)

An examination of this record discloses that there has been considerable delay caused by the dilatory tactics of the plaintiff as the appellant in the other cases; its failure to prosecute its appeal from the award and its failure to prosecute the appeal from the judgment dismissing the complaint in the action to reform the policy, although representations were made that the said appeal would be prosecuted at once. Such delay clearly indicates either a conviction that there is no merit to the defense or a determination to avoid as long as possible the payment of the award.

The purpose of the legislation resulting in the Workmen's Compensation Law was to bring about a speedy adjustment of such claims and to avoid delay so that the injured person might receive immediate relief. To permit such inexcusable delays as here resorted to would be to defeat the purpose of the law. The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Dowling, P. J., Finch, McAvoy and O'Malley, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.