L. M. KRATZ, Appellant, v. HOLLAND INN et al., Appellees.

APPEAL AND ERROR: Decisions Reviewable—Writ of Error. An
1 appeal from the ruling of a superior court on a writ of error from a justice court brings up for review in the Supreme Court no questions of fact.

MASTER AND SERVANT: Workmen's Compensation Act—Insur-
2 ance—Liability of Insurer. The only liability of an insurer under the Workmen's Compensation Act, Secs. 2477-m41, 2477-m47, Code Supp., 1913, is that there shall be assured the payment of compensation "under this act," and that the insurer shall be bound by every agreement, award, or judgment rendered against the insured.

MASTER AND SERVANT: Workmen's Compensation Act—Attorney's Lien—Employer's Liability. The Workmen's Compensation Act does not create or impose upon the employer any liability to the attorney of his employee, and to have a lien against such employer, under Sec. 321, Code, 1897, the amount of the same must be approved in writing by a judge of a court of record, or by the Iowa industrial commissioner; and where the claim of the injured employee was settled without suit, and, at the time of the payment therefor, the attorney had not acquired any lien, he could not thereafter acquire one.

MASTER AND SERVANT: Workmen's Compensation Act—Attorney's Lien—Notice to Insurer. No notice having been given to the insurer of an employer of an attorney's lien, under Sec. 321, Code, 1897, providing that the lien should date only from the time of giving notice in writing to the adverse party, there was no notice to the insurer by the giving of such a notice to the employer; and the provision of Sec. 2477-m47, Code Supp., 1913, by which the insurer is bound by the knowledge and notice possessed by the employer, and jurisdiction of the employer is jurisdiction of the insurer, does not apply, as it is limited to the binding effect upon the insurer of the liability established against the employer in favor of the employee under the Compensation Act; and the judgment obtained by the attorney for his services was not a judgment or award in favor of the employee, and therefore did not relate to any liability imposed by the Compensation Act.

*Appeal from Cedar Rapids Superior Court.*—C. B. ROBBINS. Judge.

JULY 7, 1919.

THE opinion states the case.—*Affirmed.*

*L. M. Kratz,* for appellant.

*Tourtellot, Donnelly & Swab,* for appellees.

WEAVER, J.—One Owens was in the employment of the defendant The Holland Inn, and by their consent, the parties were subject to the provisions of the Workmen's Compensation Statute. Owens, it is alleged, was injured in the course of his employment, and consulted the plaintiff here-

in, a practicing lawyer, with respect to the recovery of compensation for his injury. Thereupon, plaintiff and Owens entered into a written contract, dated September 29, 1916, by which plaintiff was employed to take all necessary steps to collect claim, and, if settlement could not be obtained without suit, he was to institute proper legal proceedings therefor, and to have one half of any and all moneys so collected as payment for his services. On the same day, this agreement was presented to the judge of the superior court of Cedar Rapids, who endorsed his approval thereon, and written notice of plaintiff's claim for a lien was by him served on The Holland Inn, but no notice was served on the Iowa Mutual Liability Company, which company had insured the Holland Inn against liability to its employees. That portion of the policy issued by said insurer which plaintiff deems material to his action in this case reads as follows:

"In consideration of the premium herein provided and the agreements hereinafter set forth, the Iowa Mutual Liability Insurance Company of Cedar Rapids, Iowa (called the Company), hereby insures and agrees to indemnify the assured employer described in the representations hereof.

"(A) The company hereby agrees to assume, perform, and pay each and every obligation that the Iowa Workmen's Law of 1913, designated as Chapter 147, Acts of the Thirty-fifth General Assembly of Iowa, and amendments thereto, requires the herein named assured to do and perform on account of personal injuries, including death resulting at any time therefrom, sustained while this policy is in force, by any employee or employees of the assured in the course of and arising out of his or their employment by the assured in the operation of and in connection with the business herein stated.

"(B) The company hereby agrees to indemnify the assured against loss or expense by reason of accident re-

sulting in bodily injury or in death of an employee who, prior to such accident, had elected, as provided by said act, not to be subject thereto and all acts amendatory thereto, in an amount not to exceed five thousand ($5,000.00) dollars, and the necessary first aid for medical or surgical attention, and subject to the same limitation for each employee, the company's total liability for any one accident resulting in bodily injury, or in the death of more than one such employee, is limited to ten thousand ($10,000.00) dollars, and in addition to such limitations, the company will assume and have charge of all settlements and pay all costs and expenses in the trial and defense of legal proceedings against the assured, brought by such employees, their legal representatives or assigns. * * *

"11. An employee, or the dependents of a deceased employee, who shall be entitled under this policy to compensation under the said act, shall have a first lien upon any amount due the assured by the company under the terms of this policy, and if the assured shall become insolvent, or be discharged in bankruptcy during the period that this policy is in force, or the compensation, or any part of it, owing on account of the business operations covered by this policy, is due and unpaid, or in the event of the legal incapacity, inability, or disability of the assured to receive the amount so due, and pay it over to the said employee or his dependents, the company will pay the same directly to said employee, his agents, or to a trustee for him or his dependents, to the extent of discharging any obligation of the assured to said employee or his dependents. As between the assured and the company, notice to and knowledge on the part of the assured of the occurrence of an injury, or death on account of which compensation is payable under this policy, shall be deemed notice to and knowledge on the part of the company; and the jurisdiction of the assured for the purposes of this act shall be the jurisdiction of the company, and

the company will be bound by every agreement, adjudgment, award, or judgment rendered against the assured under the provisions of said act on account of the business operations covered by this policy."

On October 11, 1916, Owens, without the intervention or knowledge of the plaintiff, entered into an agreement with the Liability Company for a settlement of his claim against the Holland Inn for $30, which sum was then and there paid to him. This settlement was reported to the industrial commissioner of the state, and by him approved, and the same was thereupon confirmed by a decree of the district court of Linn County.

At the date of this settlement, neither Owens nor the plaintiff, in his behalf, had begun any action or proceedings of any kind for the assessment or recovery of compensation or damages on account of said injury; but after said settlement, and after the approval by the commissioner of the settlement with Owens, plaintiff, as attorney for Owens, made application to the commissioner to re-open and review the settlement, and for additional compensation, which application was overruled.

It is agreed, also, that plaintiff has not been paid for his services in Owen's behalf, and that such services were reasonably worth $15.

The present action was begun before a justice of the peace, against the Holland Inn and its insurer. The plaintiff's petition sets out the facts hereinbefore stated, and therein asks for judgment against both defendants for $15. On the trial, the facts were stipulated by the parties substantially as we have related them, and the justice entered judgment, as prayed by the plaintiff, against the defendant Holland Inn, but found he was not entitled to recover from the liability company. To review this latter finding, and the judgment relieving the insurer

1. APPEAL AND ERROR: decisions reviewable: writ of error.

from liability, the plaintiff applied to the superior court of Cedar Rapids for a writ of error, and upon examination of the record, the writ was denied, and judgment entered against plaintiff for costs. From this ruling and judgment, the plaintiff appeals.

This appeal, being from a ruling upon a writ of error, brings up for review no question or issue of fact. We have only to inquire whether, assuming the truth of the agreed or stipulated facts, there was material error in the ruling of the trial court that such showing is insufficient to justify a judgment against the liability company in plaintiff's favor.

That the Holland Inn is liable has been adjudicated, but is there anything in the statute or in the contract of insurance on which to predicate liability of the insurer?

2. MASTER AND SERVANT: Workmen's Compensation Act: insurance: liability of insurer.
The insurance which the statute requires the employer to take out is upon the liability which the latter assumes or is required to accept under the "provision of this act" (Code Supplement, 1913, Section 2477-m41), and the "policy requirement" imposed upon the insurer by the same statute is that it shall "assure the payment of compensation under this act," and shall provide that notice to and knowledge of the employer of the death or injury of an employee, shall be notice to and knowledge on the part of the insurer, and the insurer shall be bound by every agreement, award, or judgment rendered against the insured. Code Supplement, 1913, Section 2477-m47.

The foregoing indicates the nature and extent of the insurer's liability, as fixed by the statute.

Turning next to the policy itself, to see whether the contract imposes anything more or greater than the statutory requirements, we find that, in Clause A, which is quoted above, the company has agreed with the Holland Inn "to

assume, perform, and pay each and every obligation that the Iowa Workmen's Law * * * requires the herein named assured to do and perform on account of personal injuries, including death resulting at any time therefrom, sustained while this policy is in force, by any employee * * * of the assured."

In Clause B, the policy indemnifies the assured against "loss or expense by reason of accident resulting in bodily injury * * * of an employee," and provides that "the company will assume and have charge of all settlements and pay all costs and expenses in the trial and defense of legal proceedings against the assured, brought by such employees, their legal representatives or assigns. The other clause of the policy quoted by the plaintiff is, in effect, a recognition of the insurer's liability under Code Supplement, 1913, Section 2477-m47, already cited.

It seems very clear that the obligation assumed by the insurer, as provided in the statute as well as in the policy, is to indemnify the employer against the liability which the Compensation Act imposes upon him in favor of employees injured in his service, and nothing else. Now, the Compensation Act does not create or impose upon the employer any liability to the attorney of his employee. That liability exists, if at all, because of another statute. The sole reference thereto in the Compensation Act is found in Section 2477-m20, Code Supplement, 1913, where it is said that no claim for the services of any attorney in securing a recovery under this statute shall be an enforcible lien thereon, unless the amount of the same be approved in writing by a judge of a court of record, or by the Iowa industrial commission. The effect of this provision is to so limit the operation of the general statute relating to attoneys' liens, hereinafter quoted, that they may be enforced against employees under the protec-

3. MASTER AND SERVANT: Workmen's Compensation Act: attorney's lien: employer's liability.

tion of the Compensation Act, when they have the written approval of a judge or of the industrial commission, and not otherwise. In other words, to have a valid lien in such cases, the attorney must show compliance with the general statute on the subject of attorneys' liens, plus the observance of the requirements of Section 2477-m20, Code Supplement, 1913. The general statute to which we refer reads as follows:

"An attorney has a lien for * * * compensation upon: * * *

3. Money due his client in the hands of the adverse party, or attorney of such party, *in an action or proceeding in which the attorney claiming the lien was employed,* from the time of giving notice in writing to such adverse party, or attorney of such party, if the money is in the possession or under the control of such attorney, which notice shall state the amount claimed, and, in general terms, for what services." Code Section 321.

It will be remembered that, according to the agreed statement of facts, at the date of the settlement with Owens no proceeding or action had been begun by Owens or by plaintiff in his behalf, and, under the provisions of this statute, plaintiff had not then acquired any lien; and, the money having been then paid, he could not thereafter acquire one.

Again, it is provided that the lien shall date only from the time of giving notice thereof in writing to the adverse party, and it is conceded that no such notice was ever served on the appellee. These facts would seem to

4. MASTER AND SERVANT: Workmen's Compensation Act: attorney's lien: notice to insurer.

be conclusive against the assertion of a lien by the plaintiff in this case. He argues, however, that notice to the employer is sufficient, because of the provisions of Section 2477-m47, Code Supplement, 1913, by which the insurer is bound by the knowledge and notice possessed

by the employer, and jurisdiction of the employer is juris-
diction of the insurer; and that the insurer is bound by any
award or judgment against the employer. But, as we have
already pointed out, this provision is clearly limited to the
binding effect upon the insurer of every liability established
against the employer in favor of the employee, under the
Compensation Act; and the judgment obtained below by
the attorney against the employer for the amount of his
alleged lien is neither a judgment nor award in favor of the
employee, nor does it relate to any liability imposed by the
Compensation Act.

We find in the record no ground upon which to disturb
the ruling of the trial court.

The judgment appealed from is—*Affirmed.*

LADD, C. J., GAYNOR and STEVENS, JJ., concur.