MRS. CHAS. A. FLINT, Appellee, v. CITY OF ELDON et al., Appellants.

**MASTER AND SERVANT:** Workmen's Compensation Act—Findings of Fact Binding on Court. The court, under the Workmen's Compensa-

tion Act, is so absolutely bound, in the absence of fraud, by a finding of fact by the industrial commissioner, on supporting evidence, in a matter legally before him, that, even though it affirmatively appears that the commissioner proceeded at the hearing on a theory of burden of proof which has no recognition in the law of civil procedure, nevertheless the court may not proceed to find the facts and substitute such finding for the findings of the commissioner, *but must remand the proceedings to the commissioner, with direction to proceed under the correct rule as to burden of proof.*

*Appeal from Wapello District Court.*—FRANCIS M. HUNTER, Judge.

JUNE 25, 1921.

ACTION was instituted under the Workmen's Compensation Law of Iowa by the dependent widow of Chas. A. Flint against his employer, the city of Eldon, and the Continental Casualty Company, its insurance carrier, to recover compensation for his death on February 3, 1919, resulting from injuries received, as alleged, on October 30, 1918. Application for arbitration was filed in the office of the Iowa industrial commissioner at Des Moines, and a hearing was had before an arbitration committee on October 30, 1919. An award was filed by said committee, November 1, 1919, granting to the widow the statutory compensation. On November 5, 1919, notice was given of defendants' election to appeal from said decision, and a petition for review, stating the grounds of appeal, was filed in the office of the commissioner. On December 15, 1919, the cause came on for a hearing on review before the Hon. A. B. Funk, industrial commissioner of Iowa, and on January 15, 1920, his decision was entered, reversing the findings of the arbitration committee. An appeal was taken from his findings to the district court of Wapello County, and on July 23, 1920, the said court reversed the findings of the industrial commissioner, and confirmed the findings of the committee of arbitration, and entered judgment accordingly. From the judgment and decree of the court, so entered, defendants appeal.—*Reversed.*

*George C. Bliss* and *McNett & McNett,* for appellants.

*Roberts & Webber,* for appellee.

DE GRAFF, J.—This appeal primarily involves the right of the district court to reverse the findings of fact made and entered by the industrial commissioner, under the Iowa Compensation Law.

It is unnecessary to set out *in extenso* the statutory provisions governing the instant case. Sufficient to state that Sections 2477-m29, 2477-m32, and 2477-m33, Code Supplement, 1913, and the judicial interpretations heretofore given these sections, are controlling. The purpose, intent, and scheme of workmen's compensation legislation is well understood, and its historical significance has been frequently expressed in decisions. The fundamental reason for the enactment of this legislation is to avoid litigation, lessen the expense incident thereto, minimize appeals, and afford an efficient and speedy tribunal to determine and award compensation under the terms of this act.

"It was the purpose of the legislature to create a tribunal to do rough justice—speedy, summary, informal, untechnical. With this scheme of the legislature we must not interfere; for, if we trench in the slightest degree upon the prerogatives of the commission, one encroachment will breed another, until finally simplicity will give way to complexity, and informality to technicality." *Rhyner v. Hueber Bldg. Co.*, 171 App. Div. 56 (156 N. Y. Supp. 903). See, also, *City of Milwaukee v. Industrial Commission*, 160 Wis. 238.

It is not within the legislative scheme to make a court the reviewer of the facts, and it has been repeatedly held that the court is forbidden to trespass upon the defined jurisdiction of the commissioner, the latter being the sole judge and the final judge of the facts. No order or decree made by the industrial commissioner under our law shall be set aside by the court, except in the following cases: (1) That the industrial commissioner acted without or in excess of his powers; (2) that the order or decree was procured by fraud; (3) that the facts found by the industrial commissioner do not support the order or decree; (4) that there is not sufficient competent evidence in the record to warrant the industrial commissioner in making the order or decree complained of. It is further provided that the findings of fact made by the industrial commissioner within his

power shall, in the absence of fraud, be conclusive. Section 17, Chapter 270, Acts of the Thirty-seventh General Assembly.

Upon the reading of the entire record in this case, we have no hesitation in saying that no · jurisdictional fact is involved; no fraud, actual or constructive, is established; and the facts found by the industrial commissioner are sufficient to sustain his order or decree.

In *Rish v. Iowa Portland Cement Co.*, 186 Iowa 443, we said:

"The finding of the commissioner upon questions of fact is made conclusive and binding upon the court by the statute; but, if the facts found do not support the order, or if there is not sufficient competent evidence in the record to warrant the industrial commissioner in making same, such order may be set aside by the court."

Therefore, as to disputed facts which do not go to the jurisdiction, a court is bound by the finding of the commissioner. *Bidwell Coal Co. v. Davidson*, 187 Iowa 809; *Pierce v. Bekins Van & Storage Co.*, 185 Iowa 1346; *Pace v. Appanoose County*, 184 Iowa 498.

Such findings stand upon the same footing as the finding of a judge or the verdict of a jury. It is not to be set aside if there is any evidence upon which it can rest. *In re Pigeon's Case*, 216 Mass. 51. In the absence of fraud, an appellate court is not at liberty to interfere, if the facts proven are capable of sustaining the inferences of fact drawn from them. *Papinaw v. Grand Trunk R. Co.*, 189 Mich. 441.

If the evidence in the case supports the finding of fact, it may not be said that the commissioner acted without or in excess of his powers, even though a court, if trying the fact in the first instance, might reach a different conclusion. *Milwaukee C. & G. Co. v. Industrial Commission*, 160 Wis. 247. See, also, *In re Burns' Case*, 218 Mass. 8; *In re Doherty's Case*, 222 Mass. 98.

In the light of these holdings, we conclude that, as to matters of fact, the industrial commissioner is the sole, final, and exclusive judge. In the instant case, the one ultimate fact presented by the record is a medical fact, and involves the question whether the electrical shock received by the decedent was · the proximate cause, or materially contributed to the death of Chas.

A. Flint. Under the statute, the district court was precluded
from overruling the finding made by the industrial commissioner
as to this ultimate fact. There was no question of jurisdiction
or other question within the purview of the statute presented to
the district court that found any substantial support in the rec-
ord. The jurisdiction and authority of the industrial commissioner
to review the award made by the arbitration committee is ex-
pressly created by the statute. It is admitted that the relation
of employer and employee existed between the parties, and that
an injury was received by the employee in the course of and
growing out of his employment. The fact question in dispute
was whether his death was caused or materially contributed to
by said injury, or whether his death was caused by organic
heart trouble with which it is conceded the decedent was af-
flicted for a considerable time prior to the injury, and which
affliction was assigned by his own physician as the cause of his
death.

The authority of the industrial commissioner in matters
coming within his jurisdiction necessarily involves the right
to decide all questions properly arising out of the controversy
before him. The cause of the death is one of these questions.
We cannot say, upon the record before us, that the finding of
the commissioner on this question is against the undisputed evi-
dence and proper inferences to be drawn therefrom. See *Amer-
ican Bridge Co. v. Funk*, 187 Iowa 397.

The district court manifestly erred in acting in excess of
its statutory power in making a new finding of facts, warrant-
ing compensation and inconsistent with the finding of the in-
dustrial commissioner. As has been pointed out, the findings of
fact made by the industrial commissioner, within his powers,
shall, in the absence of fraud, be conclusive. The claim of fraud
is but an unwarranted insinuation, and is not supported by a
scintilla of evidence.

True, the industrial commissioner announced in his de-
cision a rule of evidence in relation to the burden of proof that
finds no application whatsoever in civil cases. In the decision
of this case by the industrial commissioner, he stated a rule:
to wit, that it must be shown that the death of this workman
at the time it occurred must have been and actually was due

to the injury in question, beyond all reasonable doubt. This, however, cannot be construed as fraud, nor as a matter involving his jurisdiction. The burden of proof rests upon the plaintiff in a compensation action to establish his case by a preponderance of the evidence. This is a basic principle of our common law, and adopted by every compensation tribunal and every court in the land. It is also incumbent upon the plaintiff to establish by the same rule the proximate causal connection between the injury received and the death. Compensation, therefore, cannot be awarded upon a state of facts which is equally as consistent with no right to compensation as it is with such right.

In conclusion, if the district court found that the industrial commissioner applied an incorrect and unreasonable rule of law to the evidence in relation to the burden of proof, the only remedy provided by the statute is to recommit the controversy to the commissioner, with instructions to proceed under the correct rule of law. The court was not warranted in making a new finding of facts. The statute does not authorize a court to make a new finding, inconsistent with the findings of the industrial commissioner; but, on the contrary, it does make the industrial commissioner the sole and final judge of the facts; and, unless his order or decree comes within one or more of the four exceptions noted, the court is without jurisdiction to interfere. To hold contrariwise would nullify the obvious intendment of the legislature, would open a legal door to the courts of this state to review questions intended to be final when passed upon by the duly constituted authorities under this act, and destroy the very scheme which the legislature has created for the awarding of workmen's compensation under the terms of the act. Through such an interpretation, simplicity would give way to complexity, and multitudinous litigation would arise, contrary to the very intent of the statute. Wherefore, the judgment of the district court is reversed, and cause remanded, with direction to recommit to the commissioner, with instructions to proceed under the correct rule as to burden of proof, as herein defined.—*Reversed and remanded.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.