J. H. COWNIE, Appellant, v. A. M. KOPF et al., Appellees.

**JUDGMENT:  Form and Rendition—Non Obstante Veredicto—Fatal
Lack of Specification.**  A motion for judgment *non obstante vere-
dicto* is fatally defective when it wholly fails to point out the miss-
ing averment which renders the opposing pleading insufficient to
constitute a cause of action.

Headnote 1:  33 C. J. p. 1188 (Anno.)

*Appeal from Polk District Court.*—O. S. FRANKLIN, Judge.

MARCH 17, 1925.

ACTION to recover on promissory note, met with a set-off.
A verdict for the plaintiff was returned for his claim, less the
amount of the set-off.  From an adverse ruling on the motion
of the plaintiff for a judgment notwithstanding the verdict, the
plaintiff appeals.—*Affirmed.*

*B. J. Cavanagh, C. C. Coyle,* and *Walter K. Stewart,* for
appellant.

*James A. Howe,* for appellees.

ALBERT, J.—We are not favored with a brief and argument
on the part of the appellee, and hence are put to the necessity
of speculating as to just what the appellee's contention was in
the court below.  It appears that, after a verdict was returned
in the nisi prius court for the amount of the plaintiff's claim,
less the set-off claimed by the defendant, plaintiff filed what he
designated a motion for new trial, and thereafter amended the
same by designating this former motion for a new trial as
"Division 2" thereof, and inserts as "Division 1" the following:

"Comes now the plaintiff and respectfully moves the court
to enter judgment for the plaintiff for the full amount of plain-
tiff's claim notwithstanding the verdict returned by the jury
herein, for the reasons urged in the plaintiff's motion for di-
rected verdict made herein upon the trial of the cause, and

for the reason that there is nothing in the pleadings or proof tendered and made in this cause by the defendants, or either of them, tending to establish any legal or valid defense or set-off to plaintiff's claim and cause of action."

The ruling of the court on this motion, as amended, sustained plaintiff's motion for a new trial, and overruled a motion for judgment notwithstanding the verdict. Appellant's appeal is from the overruling of the motion for a judgment notwithstanding the verdict.

At the threshold of the case, we are confronted with a question of practice which involves the right of appellant, under the record in this case, to maintain an appeal from the court's ruling on the motion to direct a verdict.

Under Section 3755 of the Code of 1897, plaintiff had the right to file his motion for a new trial. Under Section 3757, he has a right to file a motion for judgment notwithstanding the verdict. These motions, however, are separate and distinct motions; and the filing of either one is not a waiver of the right to file the other, under Section 3757 of the Code of 1897. The district court sustained plaintiff's motion for a new trial. Section 3757 of the Code of 1897 provides that:

"Either party may file a motion for judgment in his favor, notwithstanding the fact that a verdict has been returned against him, if the pleadings of the party in whose favor the verdict has been returned omit to aver some material fact or facts necessary to constitute a complete cause of action or defense, the motion clearly pointing out the omission."

The statute last quoted being applied to the motion of the plaintiff as hereinbefore set out, it is quite apparent that his motion for a directed verdict in no way complies with the statute. The material part of the same, with reference to this matter, is:

"There is nothing in the pleadings or the proof tendered and made in this cause by the defendants or either of them, tending to establish any legal or valid defense or set-off to plaintiff's claim or cause of action."

Even a cursory view of the aforesaid Section 3757 shows that a motion *non obstante veredicto* is based wholly on a defective pleading, in that it omits to aver some material fact or facts

necessary to a complete cause of action or defense; and that the motion must clearly point out the omission. It is quite apparent, therefore, that this motion of the plaintiff's in no way measures up to the requirements of this statute, as it fails in any way to clearly point out the omitted facts in appellee's pleading, which appellant claims are necessary to constitute a good pleading. The district court overruled this motion for judgment notwithstanding the verdict, without any statement of the reasons therefor; but whatever the reasons may have been, it is self-evident that his ruling could have been placed upon the insufficiency of this motion, under the aforesaid section of the statute. There being no sufficient motion for a judgment notwithstanding the verdict filed in the lower court, there is nothing to support this appeal; as it is quite evident that, had the court sustained the motion, and such a ruling was appealed from, this court would be compelled to hold that the motion was insufficient to comply with the provisions of Section 3757 of the Code of 1897. We therefore hold that the district court was correct in refusing to sustain this motion for a directed verdict. Further than this, judgment was entered in the lower court on November 30, 1923. The motion for judgment notwithstanding the verdict was filed December 27, 1923. Its filing was too late to be effective for any purpose.—*Affirmed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.