STANKO SUSICH, Appellant, v. NORWOOD-WHITE COAL COMPANY et al., Appellees.

MARCH 12, 1929.

*Frank A. Dapolonia* and *Oscar Strauss*, for appellant.

*H. L. Bump*, for appellees.

STEVENS, J.—I. The appellant, on January 25, 1927, was employed as pump hand at the coal mine of the Norwood-White Coal Company, appellee, near Moran. He claims that, while in  the performance of his duties as such pump man, he was seriously and possibly permanently injured by the inhalation of black damp, chemically known as carbon dioxide. In due time, he filed an application in the office of the industrial commissioner for arbitration. By stipulation of the parties, a hearing was had before the deputy industrial commissioner, as sole arbitrator. The deputy commissioner found in favor of the claimant. Upon review of this finding by the commissioner, it was overruled, and the claimant appealed to the district court, where the ruling of the commissioner was affirmed.

But two propositions are argued by appellant: (a) that the evidence in favor of claimant was without conflict, and, therefore, subject to review by this court, and (b) that the industrial commissioner placed too great a burden of proof upon the claimant. The rule, well settled in this state, is that the finding of the industrial commissioner upon disputed issues of fact is to be given the same force and effect as the verdict of a jury. *Pierce v. Bekins V. & S. Co.*, 185 Iowa 1346; *Pace v. Appanoose County*, 184 Iowa 498; *Jackson v. Iowa Tel. Co.*, 190 Iowa 1394; *Serrano v. Cudahy Packing Co.*, 194 Iowa 689; *Root v. Shadbolt & Middleton*, 195 Iowa 1225; *Flint v. City of Eldon*, 191 Iowa 845; *Rish v. Iowa Portland Cement Co.*, 186 Iowa 443.

Guided by this rule, we are to determine whether or not

there was a real conflict in the evidence presented to the commissioner. Appellant and one other witness testified to the presence of carbon dioxide at certain places in the mine, particularly at the location where appellant claims that the injury suffered occurred.

On the date of the injury, appellant claims to have gone to a point between the two air shafts used to supply fresh air to the miners, and there encountered black damp so strong that his light was extinguished, which gas he inhaled, with effects disclosed. He at once reported his alleged injuries to the mine boss, who declined to give him a certificate to the company's physician for examination. He went, however, to a physician, who diagnosed his trouble as acute respiratory infection, caused, in the opinion of the physician, by bad air. This diagnosis was based largely upon the statements of the patient.

It is conceded that the condition of the lungs irritated by the inhalation of carbon dioxide and by "flu" is much the same, and difficult of distinction. Appellant was examined by other physicians, who testified in his behalf, and was treated at the Methodist Hospital by Dr. Walter L. Bierring for about three weeks. These witnesses testified that he had pleurisy of the right side, with acute bronchitis, with symptoms of fluid in the right chest. He was tapped the second time, to remove the fluid. Dr. Bierring testified that, at the time he saw appellant, he had an infection caused by a germ disease.

An expert in chemistry, who testified as a witness on behalf of the appellee, said that a carbide light would be extinguished by carbon dioxide gas in the air at a minimum of 8 or 10 per cent. This witness was of the opinion that the amount probably inhaled, if any, even at the above percentage would probably not seriously irritate the lungs. A physician called by appellee testified that a germ disease cannot be produced by an irritation of the membrane of the lungs by merely breathing gas. The presence of adhesions in appellant's right side is shown.

The mine boss testified that he passed through the mine and was at the place where appellant claims to have inhaled the gas, in the forenoon of the day in question, and that he was unable to detect the presence of black damp in that part of the mine. The state mine inspector was also at the mine in the forenoon of the same day, and he also testified that he was unable to detect

the presence of bad air at the point in the mine referred to by appellant. Appellant returned to the mine to work, February 22, 1927; and claims to have again inhaled poisonous gas. The mine boss testified that he found no bad air in the entry at that time, and that 16 or 17 men worked in the vicinity on that day. Another witness called by appellee, who was known in the mine as a trip rider, testified that he was in the vicinity where appellant claims to have been injured, on both January 25 and February 22, 1927, and that on neither of these days did he detect the presence of any bad air.

It seems to us that the evidence clearly disclosed a conflict both as to the presence of carbon dioxide in the mine and as to the probable effect thereof upon the lungs of a person inhaling the same. If the commissioner believed the testimony offered on behalf of appellee, he was bound to find that appellant could not have been injured in the mine by the inhalation of black damp. This, as claimed by him, was the only causal connection between his injuries and what occurred in the mine. With the question as to whether the finding of the commissioner is in accordance with the facts, this court can have no concern.

II. Likewise, the rule as to the burden of proof in cases of this character is well settled by our prior decisions. It is elementary that, to entitle the claimant to compensation, the matters  necessary to be shown by him must be proven by a preponderance of the evidence. Clearly, a causal connection between the injury and the possible inhalation of bad air must be based upon something more substantial than a mere possibility. On this point, see *Flint v. City of Eldon*, 191 Iowa 845; *Hinrichs v. Davenport Locomotive Works*, 203 Iowa 1395; *Guthrie v. Iowa Gas & Elec. Co.*, 200 Iowa 150.

No other questions are argued by counsel for appellant. The finding and judgment of the court is, accordingly, affirmed. —*Affirmed*.

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.