TRAVELERS INSURANCE COMPANY, appellant, v. CHARLES SNEDDON, CHARLES CRAIN d/b/a CRAIN DITCHING & PIPING, defendants; CHARLES SNEDDON, appellee.

No. 49234.

(Reported in 86 N.W.2d 870)

394

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, for appellant.

Neal E. Smith, of Des Moines, for appellee.

GARFIELD, J.—The question presented by this appeal is the jurisdiction of the district court to hear a controversy pending before the Iowa Industrial Commissioner as to whether the insurance carrier had effectively canceled its policy issued to an employer before his workman was injured. The district court held industrial commissioner had exclusive jurisdiction over the controversy and the court was not at liberty to interfere therewith. We affirm the decision.

Plaintiff, Travelers Insurance Company, brought this action in the district court against Sneddon, the injured workman, and Crain d/b/a Crain Ditching & Piping, the insured employer, for declaratory judgment under Rules of Civil Procedure 261–269 that the insurance was canceled and not in effect when the injury occurred. Plaintiff's petition, filed February 16, 1957, alleges the policy was issued April 6, 1956, Sneddon claims to have been injured July 18, 1956, while employed by insured, and filed application with the industrial commissioner for arbitration of his claim naming insured as employer and plaintiff as insurance carrier, plaintiff mailed notice of cancellation of the policy to insured effective June 18, 1956, and thereby it was canceled. The petition prays that if necessary the proceedings before the industrial commissioner be stayed until the determination of this cause.

The insured employer, Crain, made no appearance in the district court nor has he appeared here. The workman, Sneddon, filed special appearance under R. C. P. 66 for the sole purpose of attacking the jurisdiction of the court, on the ground the (industrial) commissioner had exclusive jurisdiction over the controversy which was then pending before him and the court was not at liberty to interfere with such jurisdiction. Plaintiff has appealed from the sustaining of the special appearance.

When the special appearance was submitted it was shown plaintiff-carrier's answer to Sneddon's petition for arbitration filed with the commissioner makes the same contention as to cancellation of its policy that is alleged in its petition herein and that Sneddon's reply to such answer before the commissioner denies the policy was canceled. The issue evidently had not been submitted to the commissioner when this action was brought.

It is true the industrial commissioner has only such powers as are expressly conferred by statute and those reasonably to be implied therefrom. "The industrial commissioner possesses such powers as are expressly granted, together with those arising from implications because necessary to the full exercise of the granted powers. [Citation.]" Comingore v. Shenandoah Artificial Ice etc. Co., 208 Iowa 430, 434, 226 N.W. 124, 126.

We have so often held the Compensation Act should be liberally construed that precedents for the proposition are not called for. Code sections 4.2 and 86.18 (all references are to the Code of 1954) are sufficient authority for our statement. "* * * a court should not restrict the terms and provisions of the statute or the implied power incident to the exercise of his [commissioner's] jurisdiction." Comingore case, supra, at page 440 of 208 Iowa.

The jurisdiction of the commissioner to award compensation against an insurance carrier where the validity of its policy is not denied has never been questioned in this state so far as we can learn. It is not now challenged. Plaintiff concedes Code section 87.10 confers such jurisdiction upon the commissioner. Plaintiff says, however, this provision applies "only to those cases where admittedly a contract of insurance exists."

The argument amounts to this: if the insurer denies the binding force of its policy at the time the workman was injured

**396**

the commissioner is thereby deprived of jurisdiction he would otherwise have to determine its liability. We think the argument unsound. The statutes place no such limitation upon the commissioner's jurisdiction and we should not do so. Acceptance of the argument would introduce many unnecessary and undesirable complications into the administration of the Compensation Act.

 Section 87.10 provides: "* * * jurisdiction of the insured shall be jurisdiction of the insurer, and the insurer shall be bound by every agreement, adjudication, award or judgment rendered against the insured." Among the duties enjoined upon the commissioner by section 86.8 is: "5. In general to do all things not inconsistent with law in carrying out said provisions [of chapters 85, 86 and 87] according to their true intent and purpose." Section 86.14 provides for making special defenses to the claimant's petition for arbitration. Sections 86.23 and 86.24 clearly contemplate that the deputy commissioner or board of arbitration and the commissioner shall make not only findings of fact but also rulings of law and 86.25 requires the commissioner to set forth not only findings of fact but also conclusions of law.

Appeal may be taken to the district court from any decision or order of the commissioner (86.26). That the legislature intended controversies within the commissioner's jurisdiction to be speedily determined is indicated by the provision (86.28) that the first term after the appeal is taken shall be the trial term in the district court. The statutes contain several other such indications.

Any order of the commissioner may be modified, reversed or set aside by the district court: "1. If the commissioner acted without or in excess of his powers. * * * 3. If the facts found by the commissioner do not support the order or decree. 4. If there is not sufficient competent evidence * * * to warrant the making of the order or decision." (86.30) Appeals may be taken from the district court to this court where they must be speedily submitted. (86.33 and 793.12.)

 The provisions of chapter 87 requiring insurance of liability except in certain instances, providing penalties for failure to insure, policy requirements and kindred matters are too long to set out here and it is unnecessary to do so. It is evident these

statutes with respect to insurance are intended to do more than merely protect the employer against liability for injuries to his employees. They are also intended principally to guarantee payment of compensation to the injured employee in accordance with terms of the Act. Maryland Casualty Co. v. Industrial Comm., 198 Wis. 202, 209, 223 N.W. 444, 445, cited with approval in Bates v. Nelson, 240 Iowa 926, 933, 38 N.W.2d 631, 635.

Unlike courts of several other jurisdictions we have never squarely decided the question presented by this appeal. However, one of our early precedents upon the construction of the Compensation Act, Flint v. City of Eldon, 191 Iowa 845, 849, 183 N.W. 344, 346, says: "The authority of the industrial commissioner in matters coming within his jurisdiction necessarily involves the right to decide all questions properly arising out of the controversy before him." And Comingore v. Shenandoah Artificial Ice etc. Co., supra, 208 Iowa 430, 439, 440, 226 N.W. 124, 129, states: "* * * the industrial commissioner is delegated with full authority to act in all compensation matters, * * *."

In Conrad v. Midwest Coal Co., 231 Iowa 53, 300 N.W. 721, 3 N.W.2d 511, the insurance carrier contended before the commissioner its policy was not in effect because of a change in personnel of the insured employer-partnership (a claim frequently made in such cases), failure of the claimant-workman to take alleged necessary steps to come under its terms and lapse of the policy due to nonpayment of premium. Our opinion, modified upon rehearing, contains no hint the commissioner was without jurisdiction to hear and determine these questions. The insurance carrier was represented by able counsel who often appeared before us in behalf of compensation insurers.

Of course the commissioner is not a court in the accepted sense. Nevertheless it is clear he is empowered to decide law questions that arise in matters properly before him. His duties are not limited to finding facts. Many compensation cases involve the question whether the claimant was an employee entitled to benefits of the law or an independent contractor who is not. Section 85.61(3b.) Determination of the issue requires not only finding the facts but also applying rules of law thereto. Sometimes, as in Mallinger v. Webster City Oil Co., 211 Iowa 847, 234 N.W. 254, solution of this issue depends largely upon construction of a

written contract under which the workman performed the service. Construction of writings is of course ordinarily a law question for courts, not a fact question for juries.

Since our Compensation Act does not define "independent contractor" we have uniformly held resort to common-law principles for its meaning is necessary. Taylor v. Horning, 240 Iowa 888, 891, 38 N.W.2d 105, 107, and citations; Hassebroch v. Weaver Constr. Co., 246 Iowa 622, 627, 67 N.W.2d 549, 552.

We cannot agree with plaintiff that the law questions the commissioner is frequently called upon to decide are less difficult of solution than the question whether its policy was canceled before Sneddon was injured. Nor is the difficulty of deciding an issue a satisfactory test of jurisdiction to decide that issue.

Although we will refer again to Iowa decisions we consider now those from other jurisdictions. They are fairly summarized in 71 C. J., Workmen's Compensation Acts, section 652, in this way: "Ordinarily, under the provision of the various workmen's compensation acts, the commission * * * has jurisdiction to hear and determine all questions of law and fact on which the liability of the insurance carrier depends. It has jurisdiction to hear and determine issues as to the validity of the policy, its existence, construction, fraud in its procurement, and the liability of the insurance company under it; * * *."

Employers' Liability Assur. Corp. v. Matlock, 151 Kan. 293, 98 P.2d 456, 127 A. L. R. 461, seems to be the leading decision in this field. It is more far reaching than ours is here. It holds the compensation commissioner has exclusive jurisdiction to cancel or reform a policy for fraud in its procurement and the district court is without jurisdiction to entertain an action for such purpose until the remedies provided by the Compensation Act have been exhausted. The Kansas commissioner had held he could not reform the policy but such "question is an equity question for the courts." Here the Iowa commissioner has not declined to determine whether plaintiff's policy was canceled.

Plaintiff's counsel conceded in oral argument the Kansas compensation statutes are similar to ours. The cited opinion attaches much importance to a statute almost identical with our section 87.10, heretofore quoted in part. This Kansas decision has been repeatedly cited with approval by various courts *including*

*our own.* Bates v. Nelson, supra, 240 Iowa 926, 933, 38 N.W.2d 631, 635. The annotation in 127 A. L. R. 473 discusses many precedents antedating the Kansas case on the subject there decided.

Other decisions which support our holding, with comments upon or quotations from them, include:

Employers' Liability Assur. Corp. v. Industrial Accident Comm., 177 Cal. 771, 774, 171 P. 935, 936 ("The insurance carrier set up in its answer the defense that * * * [it] had canceled the policy. It is argued that the issues involved in this defense were such as could be determined only by a court * * * and that the commission was without jurisdiction to pass upon them. We do not agree to this contention.") ;

Bankers Indemnity Ins. Co. v. Industrial Accident Comm., 4 Cal.2d 89, 47 P.2d 719 (The commission has power to reform a policy for mutual mistake so as to render the insurer liable for injury to one named as a partner.) ;

Blumberg v. American Fire & Casualty Co., Fla., 51 So.2d 182 (A statute like our section 87.10 confers power on the commission to correct a scrivener's mistake in writing the policy so it will cover all the employer's operations.) ;

Anchor Casualty Co. v. Wise, 172 Kan. 539, 241 P.2d 484 (The court would not enjoin the commissioner from hearing a claim for compensation on the ground he was without jurisdiction because the employment contract was made in another state. The arguments were along the same lines as those here.) ;

Lawrence Coal Co. v. Boggs, 309 Ky. 646, 650, 651, 218 S.W.2d 670, 671, 672 ("The majority rule [appears] to be that the Board has jurisdiction over and may determine whether or not a valid policy of insurance exists. * * * This seems to be the logical and prevailing rule although some jurisdictions take the opposite view.") ;

In re Claim of Skoczlois v. Vinocour, 221 N. Y. 276, 282, 283, 116 N.E. 1004, 1005, 1006 ("It is also suggested that the commission did not have the power to determine whether the policy had been canceled. I think it had jurisdiction of the subject matter and the power to make such determination. The act seems, inferentially at least, to confer such power." The opinion

quotes a statute like our section 87.10 and continues: "In order to give full effect to the * * * statute referred to it seems to me necessarily to follow that the legislature intended the commission should have power in the first instance to determine whether a policy of insurance covering the liability of the employer were in force when the accident occurred, and if so, the liability of the insurance company under it. [Citation.] Unless this be the correct view of the statute, the scheme contemplated by it fails, to a large extent at least, of its purpose.") ;

Greene v. Spivey, 236 N. C. 435, 445, 73 S.E.2d 488, 495 (Jurisdiction to hear " 'all questions arising under' " the Compensation Act includes jurisdiction to determine whether the policy was in effect or terminated at the time of injury.) ;

Tri-State Casualty Ins. Co. v. Bowen, 189 Okla. 97, 99, 113 P.2d 981, 982 (Industrial Commission has exclusive jurisdiction to determine whether insurer was liable on its policy or had canceled it. "It is therefore clear that since there is an express grant of power and authority to determine the liability of the insurance carrier to the claimant, it necessarily follows that the commission was vested with authority to determine whether or not the policy was effective on the date of the injury, for only in this manner may the relationship of employer and insurance carrier be established." Overrules earlier decisions to the contrary.) ;

Maryland Casualty Co. v. Industrial Comm., supra, 198 Wis. 202, 211, 223 N.W. 444, 446 (Industrial Commission has jurisdiction to determine insurer's claim the policy was not in effect because it had not received the premium. "It is not disputed that it had written a policy upon this identical risk. It had therefore submitted itself to the law and to the jurisdiction of the Industrial Commission with respect to all matters relating to compensation under the act, including the question of whether or not it had in this instance in fact renewed its policy; and upon those questions it is not entitled to a jury trial." As stated, Bates v. Nelson, supra, 240 Iowa 926, 933, 38 N.W.2d 631, 635, cites this precedent with approval.) ;

See also Ross v. Industrial Comm., 82 Ariz. 9, 307 P.2d 612; S. H. Kress & Co. v. Superior Court, 66 Ariz. 67, 182 P.2d 931 (Opinion says Arizona laws on the subject are similar to those of Kansas—plaintiff concedes they are like our own) ; Red Rover

Copper Co. v. Industrial Commission, 58 Ariz. 203, 118 P.2d 1102, 137 A. L. R. 740 (The Commission is empowered to apply rules of equity, as well as law, in determining whether an award should be made).

Decisions which hold a Declaratory Judgment Act was not intended to permit a review of proceedings under a workmen's compensation law include Haggard v. Industrial Comm., 71 Ariz. 91, 97, 98, 223 P.2d 915, 919, 920; Moore v. Louisville Hydro-Electric Co., 226 Ky. 20, 10 S.W.2d 466; United States F. & G. Co. v. Thirion, 123 N. J. L. 29, 7 A.2d 863, 864.

Haggard v. Industrial Comm., supra, states: "The first question is whether the Declaratory Judgment Act * * * is applicable to proceedings of this nature, or whether the only remedy of plaintiffs is the special procedure set forth in [Workmen's Compensation Act].

"A similar question has been raised in other jurisdictions and the majority of cases hold that under a special act like the Workmen's Compensation Act the exclusive remedy is that set forth in the act, and that the Declaratory Judgment Act is not applicable. [Citations] * * *

"The trial court did not err in refusing to render judgment under the Declaratory Judgment Act."

Plaintiff attempts to distinguish the California and New York decisions on the asserted ground they are based upon peculiar constitutional and statutory provisions elevating the compensation commission to the status of a court. We think these precedents may not be thus explained away. In re Claim of Skoczlois v. Vinocour, supra, 221 N. Y. 276, 116 N.E. 1004, which involves the very question we have here, makes no reference to any constitutional provision. It refers only to statutes not unlike ours as previously interpreted by us. The cited California opinions do refer to provisions of the state constitution, not found in ours, authorizing enactment of the workmen's compensation law and to statutes passed thereunder vesting the commission with full jurisdiction "to try and finally determine all such matters." But this statutory provision is little if any broader than the express and implied provisions of our own statutes as we have construed them in the past. And decisions heretofore cited from

several other states reach the same result in the absence of constitutional provisions like those in California or New York.

We have carefully considered the precedents plaintiff cites. It may be conceded some of them furnish some support for its position. We are satisfied they are in the minority and the trend of recent decisions is away from them. Some of the cases plaintiff cites involve quite a different situation from that here. We will comment upon some of them.

We are told Erickson v. Kircher, 168 Minn. 67, 209 N.W. 644, 646, holds the compensation board is without jurisdiction to decide the question whether there has been a cancellation of the insurance policy. So far as the opinion shows no such question was there involved. The principal question was whether the deceased workman was an employee of the principal contractor who carried insurance or of a subcontractor who did not, and the commissioner's finding he was employed by the latter, upon evidence clearly establishing that fact, was determinative of the claim.

Kelley v. Minneapolis, St. P. & S. S. M. R. Co., 206 Wis. 568, 240 N.W. 141, also cited by plaintiff, was an equity action to modify or set aside on the ground of fraud a release given by plaintiff to defendant following death of plaintiff's husband. Decedent's employer and his insurer intervened and demurred to the petition on the ground plaintiff had an adequate remedy before the industrial commission before whom she had filed a claim for death of her husband. It was held the demurrer was rightly overruled. The opinion emphasizes the fact defendant railroad to which the release was given was not a party to the compensation proceeding and the industrial commission refused to exercise the equitable powers plaintiff invoked in this action but held the matter open for her to resort to the courts for such relief. The opinion makes no reference to Maryland Casualty Co. v. Industrial Comm., supra, 198 Wis. 202, 223 N.W. 444, much more nearly in point here and may not be considered a repudiation of it.

Michigan Mutual Liability Co. v. Baker, 295 Mich. 237, 243, 294 N.W. 168, 171, another of plaintiff's precedents, holds that notwithstanding pendency of a compensation proceeding a court of equity has jurisdiction to entertain a suit for cancellation of an insurance policy issued by mistake. One decision cited in sup-

port of the holding is Farmers Gin Co. v. Jones, 146 Okla. 79, 293 P. 527, soon to be overruled by Tri-State Casualty Ins. Co. v. Bowen, supra, 189 Okla. 97, 113 P.2d 981. It appeared in the Baker case there would be some insurer against whom a compensation award might be entered. The opinion states: "We do not say here that relief will be granted where the result will be to leave workmen completely unprotected between the time the policy is issued and the effective date of cancellation."

Plaintiff's principal reliance seems to be Provenzano v. Long, 64 Nev. 412, 183 P.2d 639. Its brief contains fifteen pages quoted from the opinion. It was a common-law action in court, evidently authorized by statute, by an injured employee to recover from an uninsured employer after the industrial commission held defendant was not covered by state industrial insurance because of failure to file his pay roll properly with the commission. Defendant contended the court was without jurisdiction to try the action on the ground the commission had exclusive jurisdiction of it. The contention was rejected and the verdict and judgment for plaintiff were affirmed. Much in the opinion on the subject of jurisdiction seems to be unnecessary to the decision. The opinion has the concurrence of two members of a court composed of three judges. Up to now it has been cited in one other case in contrast to the numerous citations of Employers' Liability Assur. Corp. v. Matlock, supra, 151 Kan. 293, 98 P.2d 456, 127 A. L. R. 461.

Reversal of the present case would mean repudiation of much language in many of our prior decisions as to the purpose of the Compensation Act. Flint v. City of Eldon, supra, 191 Iowa 845, 847, 183 N.W. 344, 345, states:

"The fundamental reason for the enactment of this legislation is to avoid litigation, lessen the expense incident thereto, minimize appeals, and afford an efficient and speedy tribunal to determine and award compensation under the terms of this act.

" 'It was the purpose of the legislature to create a tribunal to do rough justice—speedy, summary, informal, untechnical. With this scheme of the legislature we must not interfere; for, if we trench in the slightest degree upon the prerogatives of the commission, one encroachment will breed another, until finally

simplicity will give way to complexity, and informality to technicality.'" (Citations.)

Similar language is found in numerous later opinions. No attempt will be made to cite many of them. Comingore v. Shenandoah Artificial Ice etc. Co., supra, 208 Iowa 430, 435, 226 N.W. 124, 127, uses virtually the same words except it says, "if a court in the slightest degree entrenches upon the prerogatives of the commissioner, one encroachment will breed another" etc. Conrad v. Midwest Coal Co., supra, 231 Iowa 53, 64, 300 N.W. 721, 727, 3 N.W.2d 511, observes, "This law was adopted * * * as a means of avoiding lengthy litigation that might grow out of industrial accidents."

Henderson v. Iles, 248 Iowa 847, 852, 82 N.W.2d 731, 734, one of our latest compensation cases, states: "* * * the Compensation Law * * * contemplates an uncomplicated and prompt method of providing complete and speedy benefits to the injured party. [Citation] Neither party, employer or employee, should be able to delay and harass the other with unnecessary or useless procedure. The proceedings are and are intended to be simple and informal. [Citation.]"

There seems to be no good reason why plaintiff should be permitted to delay submission of the compensation proceeding until the present action is further litigated in the courts. No adequate explanation is offered for its attempt to by-pass the commissioner and resort to the courts for solution of a controversy it asserted before him in its answer to Sneddon's petition for arbitration. Nor is it apparent that plaintiff's rights will not be sufficiently protected by submitting the controversy to the commissioner and by appeal to the courts from any adverse decision he may render. Certainly such procedure would be more in keeping with the spirit of the Compensation Act.—Affirmed.

HAYS, C. J., and BLISS, OLIVER, WENNERSTRUM, THOMPSON, LARSON, and PETERSON, JJ., concur.