DONALD E. BRAUER, claimant-appellee, v. J. C. WHITE CONCRETE COMPANY, employer, and EMPLOYERS MUTUAL CASUALTY COMPANY, insurance carrier, appellants, VETERANS ADMINISTRATION, an agency of the United States Government, medical claimant-appellee.

EVERETT D. BUCK, claimant-appellee, v. O'DEA CHEVROLET COMPANY, employer, and EMPLOYERS MUTUAL CASUALTY COMPANY, insurance carrier, appellants, VETERANS ADMINISTRATION, an agency of the United States Government, medical claimant-appellee.

No. 50626.

MAY 8, 1962.

REHEARING DENIED JULY 23, 1962.

Davis, Huebner, Johnson, Burt & Fulton, of Des Moines, for appellants.

Donald Wine and Aubrey A. Devine, both of Des Moines, for medical claimant-appellee.

GARFIELD, C. J.—We think the question presented by these appeals, granted by us under rule 332, Rules of Civil Procedure, is whether the Iowa Industrial Commissioner (herein called "commissioner") has jurisdiction to approve and allow claims of a hospital for care furnished injured employees, whose injuries arose out of and in the course of employment, against the employers and their insurance carrier. The commissioner held he had no such jurisdiction and sustained special appearances of the employers and their insurer. Upon the hospital's (Veterans Administration's) appeal to the district court, the commissioner's rulings were reversed. The employers and their insurer have appealed to us from the order of the district court. We affirm it. Thus we answer "yes" to the above question.

Buck is one of the injured men. He was employed by O'Dea Chevrolet Company which filed with the commissioner its report of injury, evidently under section 86.11, Code, 1958. A Memorandum of Agreement, as provided by Code section 86.13, between Buck, the employer and its insurance carrier was filed with the commissioner in which the employer and insurer agreed to pay compensation in accordance with the Compensation Act. The Veterans Administration (herein called "VA") filed with the commissioner an Application for Review-Reopening, under section 86.34, alleging the compensation paid the employee did not include reasonable medical and hospital services rendered by the VA in treating his injury from August 18 to 28, 1959, no part of the amount has been paid, it is due the VA under section 85.27 and it requests approval of the charges under 86.39. The employee's claim and the Memorandum of Agreement are made parts of the application.

The employer and insurer filed a special appearance to this

application alleging the employee has no interest in it, sole party in interest is the VA, the statutes do not authorize the commissioner to hear actions in review-reopening between parties other than an injured employee and his employer and insurer and there is no authorization for actions by any third party against an employer and its insurer.

The VA withdrew its Application for Review-Reopening and substituted its Claim for Medical Services under Code sections 85.27 and 86.39 containing substantially the same allegations as the application. It was agreed the special appearance to the application should apply to the claim.

Brauer is the other employee—of J. C. White Concrete Company. He filed with the commissioner an Application for Arbitration alleging his injury in the course of employment, his going to the VA hospital with the employer's consent and approval, rendition of reasonable and necessary medical services and hospitalization from November 15 through November 17, 1958, the VA's submission of a bill therefor to the insurer which has denied liability, nonpayment of the bill, and, pursuant to section 86.14, failure to reach an agreement in regard to compensation. An award in favor of the VA was asked.

White and its insurer (the same one) filed with the commissioner their special appearance to Brauer's application on the same grounds as those set out in the special appearance in the Buck case. The VA then filed its Application for Payment of Reasonable Medical and Hospital Services under Code sections 85.27 and 86.39 containing virtually the same statements as Brauer's Application for Arbitration and asking the commissioner to determine the reasonableness of the VA's charge and order White and its insurer to pay it. It was agreed the special appearance to Brauer's application should apply to that of the VA.

As previously stated, the commissioner sustained both special appearances. His rulings recite a workman's right to compensation for injuries growing out of and in the course of his employment is purely statutory, citing Soukup v. Shores Co., 222 Iowa 272, 278, 268 N.W. 598. Also that the commissioner has only such powers as conferred upon him by the legislature, cit-

ing Comingore v. Shenandoah Artificial Ice etc. Co., 208 Iowa 430, 434, 440, 226 N.W. 124, 126.

What the Comingore case holds on this point is: "The industrial commissioner possesses such powers as are expressly granted, together with those arising from implications because necessary to the full exercise of the granted powers. * * * a court should not restrict the terms and provisions of the statute or the implied power incident to the exercise of his [commissioner's] jurisdiction." Travelers Ins. Co. v. Sneddon, 249 Iowa 393, 395, 86 N.W.2d 870, 872, repeats this language.

The commissioner's rulings go on to say he finds no authority for such hearings as the VA asks. His ruling in the Buck matter states: "Whatever rights the VA may have in a case such as this cannot be raised in the manner here attempted and it might well be that determination of the issues would have to be made by a tribunal other than the commissioner."

The commissioner's ruling in the Brauer case is similar. It recites the statutes provide for only three original hearings in compensation matters: arbitration, section 86.14; review, section 86.24; and review-reopening, 86.34. It says section 85.27 provides for no action but simply sets forth the kinds of medical and hospital services the employer is to furnish and 86.39 simply provides for approval by the commissioner of medical fees and that no lien for such services is enforceable without such approval.

Also as stated, upon the VA's appeal to the district court the commissioner's rulings were reversed. The court reviewed at length the statutes thought to have some application and concluded that in view of all the provisions of Code chapters 85, 85A and 86, especially sections 85.27 and 86.39, the commissioner has jurisdiction to hear and dispose of these claims. The court's order recites no attempt is made to find the merits of the claims —merely that the VA has a right to be heard thereon.

I. It seems desirable to refer to several statutory provisions which bear on the controversy.

Section 85.18 states, "No * * * device whatsoever shall operate to relieve the employer, in whole or in part, from any liability created by this chapter except as herein provided."

Section 85.20 provides: "The rights and remedies provided in this chapter for an employee on account of injury shall be exclusive of all other rights and remedies of such employee * * * at common law or otherwise, on account of such injury; * * *."

Section 85.27 provides in part:

"The employer, * * *, shall furnish reasonable surgical, medical, osteopathic, chiropractic, chiropodial, nursing and hospital services and supplies therefor. * * *

"Charges believed to be excessive may be referred to the industrial commissioner for adjustment under authority of section 86.39."

Amounts which may be allowed for medical, surgical and hospital services and supplies are limited. It is not contended any excess amount is claimed here.

Section 85.28 is a similar provision for payment of reasonable burial expense; 85.29 provides for payment of reasonable expense of sickness of certain employees.

Section 85.31 contains several provisions for payments by the employer if the employee dies.

Section 86.39 provides: "All fees or claims for legal, medical, hospital, and burial services rendered under this chapter and chapters 85 and 87 shall be subject to the approval of the industrial commissioner, and no lien for such service shall be enforceable without the approval of the amount thereof by the industrial commissioner. For services rendered in the district court and supreme court, the attorney's fee shall be subject to the approval of a judge of the district court."

One other section may be mentioned. Section 86.18 states: "* * * in making any investigation or inquiry, neither the * * * commissioner or his deputies shall be bound by * * * technical or formal rules of procedure; but they shall * * * make such investigations and inquiries in such manner as is best suited to ascertain and conserve the substantial rights of all parties thereto. Process and procedure under this chapter shall be as summary as reasonably may be."

■ "We have so often held the Compensation Act should be liberally construed that precedents for the proposition are not called for. Code sections 4.2 and 86.18 * * * are sufficient author-

ity for our statement." Travelers Insurance Co. v. Sneddon, supra, 249 Iowa 393, 395, 86 N.W.2d 870, 872.

II. The essence of appellants' contentions is that the VA may not assert a claim for hospital services furnished these employees "and for any recovery to be had it must be pursued by the employee." We are told there may be only two parties to any proceeding before the commissioner—the employee or his dependents or personal representatives and the employer or its insurance carrier. And "It is apparent the commissioner was right in concluding that sections 85.27 and 86.39 confer no jurisdiction upon him to order an award against an employer in favor of a third party—a hospital-medical claimant."

 We are firmly committed to the rule that the question of the right of a plaintiff to maintain an action in court does not go to the court's jurisdiction to afford relief but only to the merits of the controversy. Jurisdiction of the subject matter is not dependent on who institutes the action. It may be shown in defense that a plaintiff has no right to bring the suit but this is not a defect of jurisdiction. It is a defect of title. Determination of the question involves an exercise of jurisdiction. If it be resolved against the plaintiff the appropriate decree is a dismissal for want of merits, not of jurisdiction. State ex rel. Cairy v. Iowa Co-Op. Assn., 248 Iowa 167, 171, 79 N.W.2d 775, 777, and citations; In re Town of Waconia, 248 Iowa 863, 867, 82 N.W.2d 762, 764; The J. R. Watkins Co. v. Kramer, 250 Iowa 947, 950–952, 97 N.W.2d 303, 305, 306; Harvey v. Prall, 250 Iowa 1111, 1117, 97 N.W.2d 306, 310. See also In re Community School District of Farragut, 250 Iowa 1324, 1327, 98 N.W.2d 888, 890.

We think these precedents are applicable here. The question raised by the special appearances is not one of jurisdiction of the commissioner to make an award for the amounts the VA claims but whether it is the proper party to invoke such relief. If this question were resolved against the VA it would be a determination on the merits of the controversy, not that the commissioner is without jurisdiction to make the determination. We do not understand it is contended the commissioner would be without jurisdiction to allow these claims if the injured employee asserted them. He is not deprived of such jurisdiction by the fact the VA asserts them.

■ III. It is true the trial court's order does not clearly state it is based upon the considerations expressed in the preceding Division II nor are they clearly argued by the parties. The VA does argue, however, appellants are relying upon a defense—that the wrong party is asking payment. In any event, if the court's order is proper on any ground shown by the record it will not be disturbed on appeal because of the reasons on which it is based. As frequently said, many a learned court is occasionally right for a wrong reason. We do not say the reasons given by the trial court here are wrong. We simply say its order may properly have been based on the considerations we have outlined. Yeager v. Firestone Tire & Rubber Co., 253 Iowa 369, 377, 378, 112 N.W.2d 299, 304; In re Estate of Lawrence, 251 Iowa 305, 314, 100 N.W.2d 645, 651; Cownie v. Kopf, 199 Iowa 737, 739, 202 N.W. 517.

To have omitted Division II from this opinion may have cast doubt or uncertainty upon the decisions therein cited and led to confusion as to what constitutes jurisdiction of the subject matter.

■ IV. As we have tried to explain, the question raised by the special appearances does not go to the jurisdiction of the commissioner but to whether the VA is the proper party to apply for relief. However, this question of granting relief to the VA upon its application is extensively argued by all parties to this appeal and a decision upon it seems to be earnestly desired by them. We therefore will express our view on the question the parties argue so fully.

Of course we do not know what evidence will be presented to the commissioner in support of, or resistance to, the VA's claims. We will say, however, the fact the claims are asserted by the VA, rather than by the injured employees, is not in our opinion sufficient ground for denying them.

Code section 85.27, quoted from in Division I, supra, requires the employer to furnish reasonable medical and hospital services for injured employees. Section 86.39 clearly contemplates filing with the commissioner "claims for * * * medical, hospital * * * services rendered under this chapter" and expressly requires his approval thereof. This seems fairly to imply

that a hearing be had before the commissioner on the propriety of such claims, at least unless they are agreed to by the employer and employee. Here ex parte approval could hardly have been thought sufficient compliance with due process.

We see no compelling reason why the party who rendered the medical or hospital services the employer was obligated to furnish may not assert a claim therefor. Unless this may be done, the real party in interest is denied the right to assert his claim, contrary to a statute or rule of procedure that has existed in Iowa since the Code of 1851. As previously stated, the special appearances allege the VA is the sole party in interest. In some cases and perhaps here the injured employee may have little interest in seeing to it that a medical or hospital claim is allowed and paid. If only he may assert it the employer in such cases might be relieved from a liability created by section 85.27.

It would seem the rights of all interested parties would be sufficiently protected by submitting these claims to the commissioner and by appeal to the district court by any party aggrieved by his decision.

The question the parties have argued so extensively has not previously been decided by us. Our conclusion finds some support from what is said in Travelers Ins. Co. v. Sneddon, 249 Iowa 393, 86 N.W.2d 870. There a compensation insurer brought an action in district court against an injured workman and his insured employer for declaratory judgment that the insurance was not in effect when the workman was injured. We held the court properly sustained the workman's special appearance on the ground the industrial commissioner before whom the controversy was pending had exclusive jurisdiction of it.

The Sneddon opinion quotes this with approval from Flint v. City of Eldon, 191 Iowa 845, 849, 183 N.W. 344, 346: "The authority of the industrial commissioner in matters coming within his jurisdiction necessarily involves the right to decide all questions properly arising out of the controversy before him." And from Comingore v. Shenandoah Artificial Ice etc. Co., supra, 208 Iowa 430, 439, 440, 226 N.W. 124, 129: "* * * the industrial commissioner is delegated with full authority to act in all compensation matters, * * *." (page 397 of 249 Iowa, page 873 of 86

N.W.2d). These quotations are repeated in Lowery v. Iowa Packing Co., 252 Iowa 112, 117, 106 N.W.2d 71, 74.

Although the district court's order cites Travelers Ins. Co. v. Sneddon, supra, and the VA's brief cites and quotes from it extensively, appellants' briefs ignore it.

Appellants rely upon Kratz v. Holland Inn, 186 Iowa 963, 173 N.W. 292, where an attorney for an injured employee was denied a lien for a $15 fee after the employee settled his claim with the employer's insurer at a time when no action or proceeding had been begun and no notice of the attorney's claim had been given the insurer. We think the decision is not in point. It does not involve the principal question argued here. The present Code section 86.39 had not then been enacted and apparently no statute then provided for the filing with the commissioner of claims for legal, medical and hospital services rendered under chapters 85 and 86.

V. The briefs, especially the VA's, cite and discuss numerous precedents from other jurisdictions and we have read many of them. We do not propose to extend this opinion by analyzing them. We feel there is much support in the decisions generally for the views we have expressed. It is true there is some difference in the statutes of other states but the precedents the VA cites cannot be written off on this ground.

Stafford v. Pabco Products, Inc., 53 N. J. Super. 300, 147 A.2d 286, holds the VA was entitled to assert before the Workmen's Compensation Division a large claim for hospitalization of an injured employee and the employer was not answerable to the VA only in an action at law.

99 C. J. S., Workmen's Compensation (1958), section 281, page 949, states: "Generally, a physician's remedy to recover payment for treating compensation cases is under the workmen's compensation law, * * *. A physician is a party in interest entitled to institute proceedings before the industrial commission, and where he has rendered medical aid to a compensable employee he may maintain an application to recover the value of his services in a proceeding in which both the employer and employee are named as defendants."

VI. The VA's brief of 101 pages cost $352.46 to print.

Only $151.50 of this is to be taxed as costs. The VA must bear the remaining cost. When informed of the excessive cost of printing its brief the VA's attorneys informed the court they were required, evidently by their superiors, to have their printing done by the company which printed this brief. Such a requirement seems indefensible in view of the fact most of the printed matter filed in this court is satisfactorily done at a cost of one dollar per page.—Affirmed.

All JUSTICES concur except MOORE, J., who takes no part.