CITY OF SIOUX CITY, Iowa,
a Municipal Corporation,
Appellant,

v.

Siouxland Engineering Associates,
P.C., Defendant,

And Concerning Raymond L.
FREESE, Appellee.

No. 98–2193.

Supreme Court of Iowa.

June 1, 2000.

James L. Abshier, City Attorney, Sioux City, for appellant.

John S. Rusch and Bryan J. Arneson of Bikakis, Arneson & Karpuk, Sioux City, for appellee.

PER CURIAM.

Plaintiff, City of Sioux City, appeals an order denying the parties' right to set off adverse judgments. The judgment of the district court is reversed, and the case is remanded for further proceedings.

I. Background Facts and Proceedings

In June of 1992, Siouxland Engineering Associates (SEA) began to design, and supervise construction on, a reservoir for the City of Sioux City. Upon completion, it was discovered the ground had settled and additional repairs would be required to prevent the structure from leaking. A settlement was reached in August of 1995 whereby SEA agreed to contribute $65,000 toward the cost of repair. To ensure satisfaction of this debt the City proposed it be allowed to withhold one-third of the pay-

ments due SEA on all future and outstanding contracts awarded. SEA's response to the City's overture is uncertain. Regardless, payment was never tendered and the City filed suit for $62,116. SEA counterclaimed, maintaining it had not been compensated for engineering services allegedly provided the City on other, unrelated projects.

Prior to trial both parties stipulated to set off any monetary obligations imposed by the court, and asked that a single judgment be entered for the record. It was later determined SEA was indebted to the City in the amount of $62,139, and that the City was in arrears to SEA for $42,804.72. Contrary to the parties' intent, separate judgments were rendered on September 22, 1998.

In a concurrent action plaintiff, Raymond Freese, obtained a confession of judgment from SEA for $51,378.79. On September 24, Freese served a garnishment on the City targeting SEA's $42,804.72 judgment. A notice of docket levy was also filed pursuant to Iowa Code section 626.22 (1997).

SEA and the City took steps to oppose Freese, and again moved for a setoff of the September 22 judgments. The trial court entertained the motion without having been apprised of Freese's garnishment. The motion by SEA and the City was approved, and, on October 5, the original order was modified to reflect a judgment on behalf of the City in the amount of $19,334.28. Upon learning of these events, Freese filed a motion to reconsider the modification. All hearings with respect to judgment, garnishment, and levy were thereafter consolidated.

On November 4, the court issued a ruling in which it expressed its displeasure with SEA and the City, and their apparent disregard for the ideals of notice and fairness. The court then observed that setoff is a remedial process that must be justified in equity. It held that neither SEA nor the City established equitable grounds upon which a prayer for setoff could be sustained, and that the modification of the September 22 judgments was in error. The original, separate judgments were reinstated and the City appealed.

II. Discussion

■ The City claims the trial court erred by refusing setoff in accordance with Iowa Rule of Civil Procedure 225. Iowa Rule of Civil Procedure 225 provides in pertinent part:

A claim and counterclaim shall not be set off against each other, except by agreement of both parties or unless required by statute. The court, on motion, may order that both parties make payment into court for distribution, if it finds that the obligation of either party is likely to be uncollectable....

Courts in Iowa previously were required to set off adverse judgments. *See Peterson v. First Nat'l Bank,* 423 N.W.2d 889, 891 (Iowa App.1988); Iowa R.Civ.P. 225 (1983). In 1984, however, the rule was amended to prohibit imposition of setoff, except by agreement of both parties, or unless specifically required by statute. Iowa R.Civ.P. 225. At issue in this case is whether setoff is mandatory when the parties agree, or whether it is discretionary with the court.

The trial court adopted the latter position in assuming a joint motion for setoff simply allowed it to consider the request under equitable principles. The court further commented that a petition unsupported by equitable consideration would not be granted. It then proceeded to engage in a balancing of the equities, whereupon it was determined Freese was an interested party, that SEA and the City failed to provide him notice, and that SEA and the City disregarded their duty to inform the court of events which may have had a bearing on its decision. The court also found that no affirmative justification had been proffered for imposing setoff, and that doing so would prejudice Freese's claim.

In arriving at its conclusions the trial court relied on *Barnhouse v. Hawkeye State Bank,* 406 N.W.2d 181 (Iowa 1987), wherein we remarked:

> Set-off is a remedial process by which a court, upon petition of one party, reduces or cancels the claim of an adverse party. Among the grounds of independent equity jurisdiction for allowing set-off are special circumstances, including insolvency, that render it probable that a party will lose his or her demand and be compelled to pay the demand of the other.

*Barnhouse,* 406 N.W.2d at 188 (citing 20 Am.Jur.2d *Counterclaim, Recoupment and Setoff* § 26, at 247–48 (1965)).

The district court reads *Barnhouse* too broadly. Although not readily apparent at first blush, the passage quoted was dicta discussing the common law origins of setoff. In the preceding paragraph we explained that Iowa Rule of Civil Procedure 225 "grew out of our adoption of comparative negligence law," and that it "incorporates some of the above rationale." *Barnhouse,* 406 N.W.2d at 188.

Setoff is traditionally an equitable doctrine that lies within the province of the court. *See* 20 Am.Jur.2d *Counterclaim, Recoupment, and Setoff* § 6, at 232–33 (1995). In Iowa, however, we have chosen to regulate the right to setoff through the rules of civil procedure. *See* Iowa R.Civ.P. 225. Such rules have the force and effect of law. *Fisher v. Davis,* 601 N.W.2d 54, 60 (Iowa 1999). "Consequently, we interpret rules in the same manner we interpret statutes." *Id.* Thus our review is for the correction of errors at law. *Id.; see also State v. Randle,* 603 N.W.2d 91, 92 (Iowa 1999); *State v. Rains,* 574 N.W.2d 904, 909 (Iowa 1998) (district court construction of the rules of criminal procedure reviewed for correction of errors at law).

To that end we focus on the language of the rule itself. *Top of Iowa Co-op. v. Sime Farms Inc.,* 608 N.W.2d 454

(Iowa 2000). Iowa Rule of Civil Procedure 225 provides that "a claim and counterclaim shall not be set off against each other, *except* by agreement of both parties or unless required by statute." Iowa R.Civ.P. 225 (emphasis added). Our reading of the rule leads us to conclude setoff is mandatory when both parties to an action agree to it. This effectively removes from the court any discretion it may previously have had.

We believe this construction reflects an intent to minimize the demands made upon judicial resources by eliminating the need to balance equities when the parties to a suit are both in accord. The decision of the trial court is reversed and the matter is remanded with instructions to set off the judgments against each other.

**REVERSED AND REMANDED.**

All justices concur except CADY, J., who takes no part.