# IN THE SUPREME COURT OF IOWA

No. 09–1673

Filed January 27, 2012

**SIMON ESTES,**

Appellee,

vs.

**PROGRESSIVE CLASSIC INSURANCE COMPANY,**

Appellant.

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer (prior summary judgment ruling) and Jon C. Fister, Judges.

An insurance company requests further review of a court of appeals decision affirming an adverse judgment in an underinsured motorist action. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS.**

Steven T. Durick and Joseph M. Barron of Peddicord, Wharton, Spencer, Hook, Barron & Wegman, LLP, West Des Moines, for appellant.

David J. Dutton and Erin Patrick Lyons of Dutton, Braun, Staack & Hellman, P.L.C., Waterloo, for appellee.

**WIGGINS, Justice.**

This case involves a dispute between an insured and his insurance company regarding underinsured motorist benefits. The district court denied the insurance company's motion for summary judgment. The case proceeded to trial. The jury returned a verdict in favor of the insured, and the district court entered judgment in favor of the insured with interest running from the date the insured filed his action against the insurance company. The insured filed a motion to modify the judgment, asking the court to amend the judgment to start the running of interest from the date the insured filed his action against the original tortfeasors. Over the insurance company's objection that the insured did not timely file his motion, the district court modified the judgment to start the running of interest from the date the insured filed his action against the original tortfeasors.

The insurance company appealed. Our court of appeals affirmed the district court. We granted further review. In this appeal, we must determine whether an order denying a motion for summary judgment is reviewable and whether the insured timely filed his posttrial motion.

On further review, we find that the order denying the insurance company's motion for summary judgment is not reviewable. Additionally, we find that the insured failed to timely file his posttrial motion and that the district court erred when it considered the motion. Accordingly, we vacate the decision of the court of appeals. We affirm that part of the district court's judgment requiring the insurance company to pay its underinsured motorist limit to the insured. We reverse that part of the judgment awarding interest from the date the insured filed the original action against the tortfeasors and remand the case to the district court to enter judgment with the interest running

from the date the insured filed his petition against the insurance company.

### I. Background Facts and Proceedings.

In October 2005, Simon Estes was in the tire and battery center of Sam's Club in Waterloo, Iowa. With the permission of an employee, he entered the work area of the tire center. Another customer, Annette Rivers, drove into the tire center at a high rate of speed and struck Estes. The collision knocked Estes to the floor and injured him.

At the time of the accident, Estes maintained an automobile insurance policy with Progressive Classic Insurance Company. His policy contained coverage for an underinsured motorist for up to $300,000.

Estes filed suit against Rivers and Sam's Club in June 2006. Rivers' liability limit was $250,000 and Sam's Club's liability limit was $9,950,000. The parties reached settlement agreements. Specifically, Estes settled with Rivers for $231,449 and with Sam's Club for $75,000. Estes sought and received Progressive's consent to settle with Rivers. Estes, however, did not seek or receive Progressive's consent for the settlement with Sam's Club.

After settling with Rivers and Sam's Club, Estes brought an action in September 2007 against Progressive to collect underinsured motorist benefits. Progressive sought summary judgment, relying on provisions of Estes's policy. In summary, Progressive contended Estes violated his insurance policy by failing to obtain Progressive's consent to settle his claim with Sam's Club, as required by the consent-to-settlement clause of the policy. Progressive also alleged that Estes should not be allowed to recover under the policy because he had not alleged damages in excess of "all applicable bodily injury, liability bonds or policies" of Rivers and

Sam's Club, as required by the policy. Progressive characterizes the latter clause as an exhaustion clause.

The district court denied Progressive's motion, concluding that the insurance policy did not contain an explicit consent-to-settlement clause with a tortfeasor, such as Sam's Club, and that, if the consent-to-settlement clause did apply to Sam's Club, a fact issue had been engendered as to whether Estes's settlement with Sam's Club prejudiced Progressive. The district court further held that it could not determine whether the alleged "exhaustion clause," relied upon by Progressive, would limit recovery because only the fact finder could determine if Estes's damages exceeded the applicable policy limits.

The case proceeded to trial. The parties submitted the case only on the issue of damages. In other words, the jury decided only the total amount of Estes's damages caused by the collision on the day of the injury. The jury did not assess fault between Rivers and Sam's Club. The jury determined Estes's damages from the accident were $1,189,486.11. The court entered a judgment against Progressive for $300,000, the limit of Estes's underinsured motorist coverage, plus interest, calculated from the date he filed his action against Progressive.

Progressive filed a motion for new trial within the time allowed for filing such a motion. Estes filed a motion to modify the judgment, contending the interest on the judgment against Progressive should be calculated as of the date Estes filed suit against Rivers and Sam's Club in the underlying tort suit, rather than as of the date Estes filed his suit against Progressive. Estes filed his motion after the ten-day time limit for filing posttrial motions had expired. The district court denied Progressive's motion for new trial and granted Estes's motion. The court

entered judgment against Progressive with interest calculated as of the date Estes filed the tort action against Rivers and Sam's Club.

Progressive appealed, arguing the district court erred by denying its motion for summary judgment and in granting Estes's motion to modify the judgment by calculating interest from the date of the filing of the underlying tort case.

The court of appeals affirmed the district court on all of the issues raised on appeal. Progressive sought further review. We granted Progressive's application.

## II. Appeal of Summary Judgment Ruling.

An order overruling a motion for summary judgment is a nonreviewable order when the district court finds a genuine issue of material fact exists and the case proceeds to final trial. *Klooster v. N. Iowa State Bank*, 404 N.W.2d 564, 567 (Iowa 1987). We have consistently applied this rule when presented with an appeal from the denial of a motion for summary judgment once the case has proceeded to trial. *See, e.g., In re Marriage of Johnson*, 781 N.W.2d 553, 556 (Iowa 2010); *Lindsay v. Cottingham & Butler Ins. Servs., Inc.*, 763 N.W.2d 568, 572 (Iowa 2009); *Kiesau v. Bantz*, 686 N.W.2d 164, 174 (Iowa 2004). Our court of appeals has also applied this rule. *See, e.g., Neuroth v. Preferred Cartage Serv., Inc.*, No. 05-0320, 2006 WL 2871997, at *3 (Iowa Ct. App. Oct. 11, 2006). When the district court denies a party's motion for summary judgment and the party appeals the final verdict, we review the issues raised in the unsuccessful motion for summary judgment based on the record made during trial and on the motion for directed verdict to determine if the district court committed error. *Klooster*, 404 N.W.2d at 567.

The facts of this case illustrate the reason for this rule. On first glance, it seems logical that Estes's settlement with Sam's Club prejudiced Progressive's rights because Sam's Club had a liability limit of $9,950,000 and Estes's damages were only $1,189,486.11. By giving Sam's Club a release, Progressive was precluded from exercising its subrogation rights against Sam's Club for the $300,000 it is obligated to pay Estes under the underinsured motorist provision.[1] However, this simplistic view does not consider the effect of Iowa Code chapter 668 in the trial of a tort claim.

The Iowa Comparative Fault Act found in chapter 668 of the Code governs the underlying tort claims against Rivers and Sam's Club. Progressive must show it suffered prejudice. *See Kapadia v. Preferred Risk Mut. Ins. Co.*, 418 N.W.2d 848, 852 (Iowa 1988) (holding an "insurer may establish the breach of the consent-to-settlement clause as an affirmative defense to recovery on the underinsurance endorsement if it proves that, absent such a breach, it could have collected from the tortfeasor under its rights embraced by the contractual subrogation clause"). Under this record, Progressive cannot show any prejudice because the percentage of fault, if any, attributable to Sam's Club was not established.

Chapter 668 requires the court to instruct the jury to assess a percentage of fault to each tortfeasor. Iowa Code § 668.3(2) (2005). Moreover, chapter 668 abrogated the common law rules of joint and several liability. *Id.* § 668.4. Under chapter 668, only a person found to be fifty percent or more at fault is jointly and severally liable for economic damages. *Id.* In this case, we do not know what percentage of fault was

---

[1]This is assuming, without deciding, that the consent-to-settle and the exhaustion clauses apply to Sam's Club.

attributable to Rivers and what percentage was attributable to Sam's Club.

If the jury returned a verdict finding Rivers to be ninety-five percent at fault and Sam's Club five percent at fault, Rivers would be responsible for ninety-five percent of the $1,189,486.11 verdict, or $1,130,011.80, while Sam's Club would be responsible for five percent of the verdict, or $59,474.31. Under this scenario, Progressive would still owe its policy limit to Estes because the judgment against Rivers would exceed her policy limit of $250,000 by more than $300,000. Progressive's rights under the policy would not be prejudiced because Sam's Club would have paid $75,000 when its liability was only $59,474.31. Therefore, Progressive could not make a claim against Sam's Club for any damages it caused Estes at the time of the collision.

On the other hand, if the jury determined Rivers and Sam's Club were each fifty percent at fault, Rivers and Sam's Club would each be responsible for one-half of Estes's damages. Under this scenario, if Estes did not release Sam's Club when he settled with them, then Progressive might have a subrogation claim against Sam's Club for the difference between the $75,000 Sam's Club paid Estes and the liability assessed by the jury against Sam's Club, up to the $300,000 policy limits it is required to pay Estes.

The problem with deciding this appeal is that we do not have a transcript to determine if Progressive asked the court to instruct the jury to apportion fault between Rivers and Sam's Club.[2] Thus, we do not know whether Progressive raised and preserved the issues it raised in its

---

[2]Progressive indicated in its combined certificate that it would not order a transcript in this appeal because it chose only to appeal the denial of the motion for summary judgment.

motion for summary judgment on the consent-to-settle or the exhaustion clauses after the court overruled its motion for summary judgment. Progressive has the duty to provide this court with a sufficient record disclosing the error upon which it relies. *In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). Failure to provide a record requires us to affirm the district court's judgment. *Alvarez v. IBP, Inc.*, 696 N.W.2d 1, 4 (Iowa 2005). Without Progressive asking the court to apportion fault between the parties, it failed to preserve error on the applicability of the consent-to-settle and exhaustion clauses.

Therefore, we will not review the denial of Progressive's motion for summary judgment concerning its arguments on the consent-to-settle and exhaustion clauses, and we affirm the judgment of the district court on the issue of damages.

### III. Appeal of the Interest Issue.

On the day the jury returned its verdict, the court entered the judgment for Estes with interest running from the date he filed the petition in the underinsured motorist case. Within the time required by rule 1.1007, Progressive asked for a new trial or remittitur claiming the verdict was excessive. After the time ran for the filing of posttrial motions, Estes filed a motion asking for the interest to start running from the time of the filing of the underlying tort suit against Rivers and Sam's Club. Progressive resisted the motion as untimely. The district court and the court of appeals decided that Progressive's filing of the motion for a new trial tolled the time for Estes to file his motion to modify the judgment.

To decide this issue we must interpret our rules of civil procedure. Thus, our review is for correction of errors at law. *City of Sioux City v. Freese*, 611 N.W.2d 777, 779 (Iowa 2000).

Our rules of civil procedure require that a party must file a motion for new trial under rule 1.1004

> within ten days after filing of the verdict, report or decision with the clerk or discharge of a jury which failed to return a verdict, unless the court, for good cause shown and not ex parte, grants an additional time not to exceed 30 days.

Iowa R. Civ. P. 1.1007.[3] The ground for Estes's motion was that the law required the court to begin running interest on the judgment from the date Estes filed his petition against Rivers and Sam's Club, rather than from the date he filed the petition against Progressive. This ground is one of the grounds found in rule 1.1004. The rule provides:

> On motion, the aggrieved party may have an adverse verdict, decision, or report or some portion thereof vacated and a new trial granted if any of the following causes materially affected movant's substantial rights:
>
> . . . .
>
> (6) That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law.

*Id.* r. 1.1004(6). The rules of civil procedure define a new trial as "the reexamination in the same court of any issue of fact or part thereof, after a verdict, or master's report, or a decision of the court." *Id.* r. 1.1002. The court's original decision as to the time when interest begins to run is a decision of the court that the court could later vacate, entering a new decision with a different interest calculation. Thus, Estes was required to file the motion to modify the judgment within ten days of the entry of the original order awarding interest.

---

[3]The court amended this section, effective October 4, 2010, to provide fifteen days in which to file a posttrial motion.

Estes argues that the filing of the motion for new trial by Progressive tolled the time he had to file his motion to modify the judgment. We disagree.

We have always strictly enforced the time in which a party has to file posttrial motions. *See Cownie v. Kopf*, 199 Iowa 737, 739, 202 N.W. 517, 518 (1925) (holding the court would not consider a late-filed posttrial motion). We also have a rule that, after the expiration of time for the filing of posttrial motions, we will not allow an amendment to a posttrial motion if that amendment raises a new ground that is not germane to the original timely filed motion. *Julian v. City of Cedar Rapids*, 271 N.W.2d 707, 708 (Iowa 1978); *Mitchell v. Heaton*, 227 Iowa 1071, 1073, 290 N.W. 39, 40 (1940). This rule dates back to 1866. *Sowden & Co. v. Craig*, 20 Iowa 477, 478 (1866).

If we strictly construe the time for filing a timely posttrial motion and have a rule that a timely posttrial motion does not toll the time for the person filing the motion to assert a new ground, we cannot logically hold that a timely filed motion by an opponent tolls the time for the filing of a posttrial motion for the other party. Consequently, Estes's motion to modify the judgment was untimely, and the district court should not have considered it. Therefore, the court erred when it modified the date upon which interest began accruing to the date Estes filed his underlying tort action.

**IV. Conclusion and Disposition.**

In regards to the consent-to-settle and exhaustion clauses, Progressive only appealed the district court's ruling denying its motion for summary judgment, a ruling that is not reviewable once the case is tried. Estes did not timely file his motion to modify the judgment. Thus, the district court should not have considered it. Therefore, we vacate the

decision of the court of appeals. Accordingly, we affirm that part of the judgment of the district court requiring Progressive to pay its underinsured motorist limit of $300,000 to Estes. We reverse that part of the judgment awarding interest from the date Estes filed the original action against the tortfeasors and remand the case to the district court to enter judgment with the interest running as entered in the original interest award. Costs are assessed fifty percent to appellant and fifty percent to appellee.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS.**

All justices concur except Mansfield, J., who takes no part.