# IN THE COURT OF APPEALS OF IOWA

No. 17-1736
Filed September 12, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KASSAUN L. BROWN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Jones County, Chad A. Kepros (guilty plea and deferred judgment) and Paul D. Miller (adjudication of guilt and sentencing), Judges.

Kassaun Brown appeals his conviction and sentence after pleading guilty to one count of assault causing bodily injury. **CONVICTION AFFIRMED AND SENTENCE VACATED IN PART.**

Peter W. Stiefel, Victor, for appellant.

Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

The State charged Kassaun Brown with one count of assault causing bodily injury. Brown agreed to plead guilty to the charge in exchange for the State's agreement to recommend the court defer judgment, impose the $315 civil penalty, and place Brown on self-supervised probation for one year. He entered a written guilty plea and requested immediate sentencing. Following an unreported hearing, the district court accepted Brown's guilty plea, deferred judgment, and placed Brown on one year of self-supervised probation. The court also ordered Brown to pay a $315 civil penalty in addition to surcharges, restitution, fees, and costs. After Brown violated the terms of his probation, the district court revoked the deferred judgment and imposed sentence, which included $315 in fines.

## I. Guilty Plea.

Brown first challenges the adequacy of his guilty plea. The State argues error is not preserved on direct appeal because Brown failed to file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a) (stating a defendant's failure to file a motion in arrest of judgment waives the right to challenge the adequacy of a guilty plea proceeding on appeal). Brown argues he was not adequately advised of the necessity of filing a motion in arrest of judgment to preserve error, an exception to the requirement. *See State v. Loye*, 670 N.W.2d 141, 149-50 (Iowa 2003).

Brown's written guilty plea makes no mention of the requirement of filing a motion in arrest of judgment to challenge defects in the guilty plea. A second document that Brown signed on the same day states in part: "I have been advised of and give up my . . . right to challenge or appeal any irregularities or errors in the

taking of my guilty plea since such challenge must be raised prior to sentencing by filing a Motion in Arrest of Judgment."

Brown's failure to file a motion in arrest of judgment does not preclude him from challenging the defects in the plea proceeding if that failure resulted from ineffective assistance of counsel. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To succeed on a claim of ineffective assistance of counsel, Brown must show by a preponderance of the evidence both that his counsel failed an essential duty and that failure resulted in prejudice. *See State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018).

Brown argues the district court failed to comply with the requirements of Iowa Rule of Criminal Procedure 2.8(2)(b). If the court fails to substantially comply with rule 2.8(2)(b), it renders a defendant's plea involuntary. *See State v. Kress*, 636 N.W.2d 12, 21 (Iowa 2001). A breach of an essential duty occurs when counsel does not bring this failure to comply with rule 2.8(2)(b) to the court's attention or file a motion in arrest of judgment. *See Straw*, 709 N.W.2d at 134.

Brown claims the court failed to inform him of the maximum possible punishment for the charge as required by rule 2.8(2)(b)(2). The maximum sentence for assault causing serious injury, a serious misdemeanor, is imprisonment not to exceed one year and a fine of $1875. *See* Iowa Code §§ 708.2(2), 903.1(1)(b) (2016). The written guilty plea form listed the maximum sentence Brown faced as only "1 yr." but made no mention of the maximum fine for the charge. Fines are a form of punishment that the district court must disclose before accepting a guilty plea. *See State v. Weitzel*, 905 N.W.2d 397, 407 (Iowa 2017). Therefore, the written guilty plea alone does not satisfy the requirements

of rule 2.8(2)(b). If the court failed to disclose the maximum possible fine to Brown in person, his plea was involuntary. *See id.* at 408. However, because Brown waived formal reporting of the plea hearing and has not provided us with a statement of the proceedings as allowed under Iowa Rule of Appellate Procedure 6.806(1), the record is insufficient for us to determine whether the court substantially complied with the requirements of rule 2.8(2)(b). *See Estes v. Progressive Classic Inc. Co.*, 809 N.W.2d 111, 115 (Iowa 2012) (noting that the appellant has an obligation to provide us with a sufficient record of the error that forms the basis of the appeal). Therefore, we preserve Brown's claim for postconviction relief. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (holding that a defendant is not required to make any particular record in order to preserve for postconviction relief an ineffective-assitance claim raised on direct appeal).

**II. Sentence.**

Brown also challenges the sentence imposed after revocation of his deferred judgment. He contends the court erred by failing to reduce the amount of the fine imposed. *See* Iowa Code § 908.11(5) ("[I]f the court revokes the probation of a defendant who received a deferred judgment and imposes a fine, the court shall reduce the amount of the fine by an amount equal to the amount of the civil penalty previously assessed against the defendant pursuant to section 907.14."). The State concedes this was error. Accordingly, we vacate this portion of Brown's sentence imposing a $315 fine.

**CONVICTION AFFIRMED AND SENTENCE VACATED IN PART.**