# IN THE COURT OF APPEALS OF IOWA

No. 23-1432
Filed July 24, 2024

**KENNETH R. MILLER, individually and as Trustee of the KENNETH AND CAROL J. MILLER TRUST,**
      Plaintiff-Appellee,

**vs.**

**MARK GIESE and JULIE GIESE,**
      Defendants-Appellants.
_____

        Appeal from the Iowa District Court for Lucas County, John D. Lloyd, Judge.


        Defendants appeal an adverse district court order quieting title to real property. **AFFIRMED.**


        Mark Giese and Julie Giese, Chariton, self-represented appellants.

        Bryan J. Goldsmith and Carly M. Schomaker of Gaumer, Emanuel & Goldsmith, P.C., Ottumwa, for appellee.


        Considered by Badding, P.J., Langholz, J., and Carr, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2024).

**BADDING, Presiding Judge.**

Mark and Julie Giese appeal from a district court order quieting title to property in favor of their neighbor to the south. That neighbor, Kenneth Miller,[1] started the quiet-title action against the Gieses in April 2022 concerning a disputed boundary line between their properties. Miller alleged he owned the property but had been informed that the Gieses may make some adverse claim of title. The Gieses generally denied the material allegations of the petition. The litigation developed into Miller claiming title to the disputed strip of land by deed and the Gieses claiming title through the doctrine of boundary by acquiescence.

A non-jury trial was held in July 2023.[2] The order concerning maintenance of exhibits shows that while multiple exhibits were admitted on Miller's behalf, no exhibits were offered by the Gieses. The record also shows that Miller intended to present testimony from himself and a licensed land surveyor, while the Gieses intended to testify on their own behalf. But because the Gieses as appellants did not order any transcripts in their combined certificate, we cannot review the trial testimony.[3]  *See* Iowa R. App. P. 6.803(1) (tasking appellant with ordering any transcripts in the combined certificate that "the appellant deems necessary for inclusion in the record" and advising: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the

---

[1] Miller brought suit both individually and as trustee of the Kenneth R. Miller and Carol J. Miller Revocable Trust.

[2] Miller had moved for summary judgment but, viewing the evidence in the light most favorable to the Gieses, the district court denied the motion.

[3] The trial was indeed reported, as evidenced by a court reporter memorandum and certificate. The summary judgment hearing and pretrial conference were also reported, but we are likewise without transcripts for those proceedings.

evidence, the appellant must include in the record a transcript of all evidence relevant to such finding or conclusion).[4]

In its ruling, the district court found Miller's record title over the disputed land created a presumption of ownership, and the Gieses did not rebut that presumption with clear and convincing evidence. *See State ex rel. Iowa Dep't of Nat. Res. v. Burlington Basket Co.*, 651 N.W.2d 29, 34 (Iowa 2002). While the court recognized the Gieses did not formally counterclaim for boundary by acquiescence, it concluded they did not prove such a claim in any event. *See, e.g., Sundance Land Co., LLC v. Renmark*, ___ N.W.3d ___, ___, 2024 WL 2982688, at *4 (Iowa 2024) (discussing the doctrine of boundary by acquiescence); *Vaudt v. Wells Fargo Bank, N.A.*, 4 N.W.3d 45, 52 (Iowa 2024) (same). The court briefly surveyed some of the Gieses' testimony, which it implicitly found was not credible. As a result, the court quieted title in Miller's favor and partially granted his request for attorney fees.

The Gieses appeal, continuing as self-represented litigants. They appear to first claim that the court erred in rejecting their claim of boundary by acquiescence. But because the Geises failed to provide us with a transcript from the trial, we cannot review the merits of this claim. "It is the appellant's duty to provide a record on appeal," we "may not speculate as to what took place or predicate error on such speculation," and exercising appellate review "[w]ithout the benefit of a full record of the" trial would be improvident. *See In re F.W.S.*, 698 N.W.2d 134, 135 (Iowa 2005). The recitation by the parties and the district of their

---

[4] The combined certificate was filed several months before the April 2024 effective date of the amendments to the Iowa Rules of Appellate Procedure. The new rule contains largely identical language.

perception of the trial testimony cannot fill the void. *See Smith v. Iowa Bd. of Med. Exam'rs*, 729 N.W.2d 822, 828 (Iowa 2007) (stating a "recitation" of what occurred in a lower proceeding "is not a substitute for the required appellate record"). Absent a full record, we must affirm. *See F.W.S.*, 698 N.W.2d at 135–36; *Weakly v. Yetmar*, No. 20-0274, 2021 WL 210751, at *1 (Iowa Ct. App. Jan. 21, 2021) ("While some facts can be determined from the exhibit evidence, without the trial transcript, we are without a full picture and are unable to adequately determine the facts underlying [appellant's] claims. . . . We have no choice but to affirm.").[5]

The Gieses also complain "[c]ourt procedure was not followed through by [Miller's] counsel as [they] did not receive all the plaintiff's exhibits in the case until presented with them the day of the trial." There is no record of the Gieses presenting this complaint to the district court or the court ruling on it, so error is not preserved. *See State v. Bauler*, ___ N.W.3d ___, ___, 2024 WL 3209908, at *12–13 (Iowa 2024) (declining to address issue that was neither raised nor decided by the district court). Last, in their conclusory prayer for relief, the Gieses passively request that the award of attorney fees to Miller be "overruled." Because they failed to offer a substantive argument on this issue, we deem it waived. *See* Iowa R. App. P. 6.903(2)(a)(8)(3).

---

[5] *See also Mumm v. Jennie Edmundson Mem'l Hosp.*, 924 N.W.2d 512, 520 (Iowa 2019) (rejecting appellate challenge due to appellant's failure to provide transcript as required by rule 6.803(1)); *Estes v. Progressive Classic Ins. Co.*, 809 N.W.2d 111, 115–16 (Iowa 2012) ("Failure to provide a record requires us to affirm the district court's judgment."); *Blackford v. Prairie Meadows Racetrack & Casino, Inc.*, 778 N.W.2d 184, 191 (Iowa 2010) (declining to provide relief on appeal "[w]ithout the transcript").

Turning to Miller, he requests an award of appellate attorney fees for having to defend the district court's decision on appeal. He has not provided a specific amount for his request or submitted any supporting documentation. Considering the relevant factors, we deny the request. *See Markey v. Carney*, 705 N.W.2d 13, 26 (Iowa 2005) ("Whether such an award is warranted is determined by considering 'the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the trial court's decision on appeal.'" (citation omitted)); *see also Watson v. Ollendieck*, No. 22-1350, 2023 WL 3335602, at *6 (Iowa Ct. App. May 10, 2023) (denying parties' unspecified requests for fees that were unsupported by fee affidavits or other documentation).

We affirm the district court court's decision and deny Miller's request for appellate attorney fees.

**AFFIRMED.**